<div align="right">NEW-YORK,<br>May, 1817.</div>

<div align="right">ALGER<br>v.<br>WESTON.</div>

Judgment for the defendants.

———◦✳◦———

## ALGER *against* WESTON.

IN ERROR, on *certiorari* to a justice's court. The plaintiff in error brought an action against the defendant in the court below, to recover the penalty given by the 7th section of the act regulating inns and taverns (1 *R. L.* 178.) for selling strong and spirituous liquors, without a license. The fact of selling was proved, and the defendant offered as a justification, a license which had been granted to one *Charles Caswell:* This was objected to, but admitted by the justice; and it was proved, that *Caswell* had taken out a license, and afterwards moved out of his house, and leased the same to the defendant, with permission to him to sell under his license. *Caswell's* sign was taken down, and the defendant's put up. On this evidence the jury in the court below found a verdict for the defendant.

<div style="margin-left:2em; font-style:italic;">A license to keep a tavern is a personal trust, which cannot be assigned to another; and in an action for the penalty given by the 7th section of the act to lay a duty, &c., and regulate inns and taverns, the defendant cannot justify under a license granted to another person.</div>

*Per Curiam.* The verdict and judgment in this case are clearly against law, and must be reversed. The defendant could not acquire any right to retail spirituous liquors under the license to *Caswell.* This license is a personal trust; the commissioners of excise, in granting it, are not only to take into consideration the place where the tavern is to be kept, but more especially the character and ability of the person who is to keep it. The commissioners are expressly prohibited, by the act, from granting the license to any person who is not of good character, and must be satisfied that the person applying is of good moral character, and of sufficient ability to keep an inn or tavern, and has accommodations to entertain travellers; and the person so licensed is required to enter into a recognisance, in the penalty of one hundred and twenty-five dollars,

NEW-YORK,
May, 1817.

ALGER
v.
WESTON.

with a condition, that he will not keep a disorderly house, or permit gaming therein ; and there are a variety of other restrictions, calculated to preserve the reputation of the inn, or tavern, and promote the comfort and accommodation of travellers. All these salutary provisions of the statute may be evaded, if one man be permitted to keep a tavern under a license to another. The judgment must therefore be reversed.

<div align="right">Judgment reversed.</div>

<div align="center">END OF MAY TERM.</div>

\*\*\* Mr. Justice Platt *was absent during this term, on account of sickness in his family.*

Mr. Justice Spencer *was absent from Friday, the 9th of May, to the end of the term, on account of sickness in his family.*