CEFRET          (2) Vide *Henthorn* v. *Doe*, ante, p. 157, and notes 1, 2.—Stat. 1828, p. 46.
v.
BURCH.

## CEFRET *v.* BURCH.

A notice given in *Daviess* county in this state on the 20th of *October*, to take
depositions in *Hamilton* county, *Ohio*, on the 28th of the same month, is in-
sufficient.

In computing the time, in such case, one of the days named must be excluded
from the computation.

Words spoken here, charging a person with having committed larceny in an-
other state, are actionable.

*Tuesday,*          APPEAL from the *Daviess* Circuit Court.—This was an ac-
*November 22.* tion of slander, brought by *Cefret* against *Burch*, for words spok-
en in this state, charging *Cefret* with having stolen hogs in the
state of *Ohio*. Pleas, the general issue and a justification. At
the trial, the defendant offered to read some depositions, which
were objected to. The ground of objection was, that the no-
tice,—which had been given in *Daviess* county, in this state, on
the 18th or 20th of *October*, to take depositions in *Hamilton*
county, *Ohio*, on the 28th of the same month,—was not suffi-
cient. The depositions, however, were admitted. Certain in-
structions, mentioned in the opinion of the Court, were given to
the jury, to which the plaintiff excepted. Verdict and judg-
ment for the defendant.

HOLMAN, J.—The notice is insufficient. The objector, who
in this case was the plaintiff, has a right to take the shortest
time proved, from the 20th to the 28th, and one of those days
should be excluded in the computation, leaving but seven days'
notice, which, from the known distance between the two places,
is clearly insufficient. The depositions should have been re-
jected. The Circuit Court instructed the jury, that if the
charge of hog-stealing, set forth in the declaration, was made
with reference to a larceny committed in the state of *Ohio*,
the action would not lie. We take the law to be otherwise.
To charge a man with having committed a crime in a sister
state, is as injurious to his reputation, and may subject him to
the same pains and penalties, as if he were charged with hav-
ing committed the crime in this state (1).

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*Kinney* and *Judah*, for the appellant.

*Dewey*, for the appellee.

(1) Acc. *Van Ankin* v. *Westfall*, 14 Johns. R. 233.—*Haight* v. *Morris*, 2 Hals. 289.—*Shipp* v. *M'Craw*, 2 Murph. 463. Words spoken in another state, if actionable at common law, will support an action here. Aliter, if not actionable at common law, nor shown to be so by statute in the state where spoken, though actionable here by statute. *Stout* v. *Wood*, ante, p. 71.