McLain *v.* Winchester, Administrator of Smith.

---

McLAIN & WIFE, Respondents, *vs.* WINCHESTER, ADMINIS-
TRATOR OF SMITH, Appellant.

1. A clerk, in certifying a record of a court of another state, used the words " my seal of office" in his attestation, instead of "the seal of the court." *Held,* This was sufficient under the act of congress of May 26, 1790.

2. A deed of gift to a married woman will be presumed to be in the custody of her husband until his death, and afterwards, of his personal representatives. The statutory mode of compelling the production of papers does not supersede the common law mode of giving notice to produce and proving contents.

3. The supreme court will not consider instructions, not incorporated in the bill of exceptions.

4. A case will not be reversed for the giving of instructions so utterly irrelevant that they could not have misled the jury; nor for the refusal to give abstract propositions of law which could not assist the jury in deciding the case.

5. Possession of personal property must be *adverse,* to be protected by the statute of limitations.

### *Appeal from Scott Circuit Court.*

This was an action instituted by the respondents, on the 30th of December, 1850, against the appellant and Nancy Smith,

administrator and administratrix of Jesse Smith, to recover certain slaves, the children and grand children of a negress named Charlotte. During the pendency of the suit, Nancy Smith married, and it was continued against the appellant alone. The petition stated that John Trousdale, sr., died in Tennessee in 1836, and willed the negress, Charlotte, with her increase, to his daughter, Nancy, wife of Jesse Smith, during her natural life, remainder to the plaintiff, Elizabeth McLain; that his said daughter, Nancy, died in April, 1845, and her husband, Jesse Smith, in 1849; that the negress, Charlotte, was also dead, leaving as issue the slaves sued for; that, after the death of his first wife, Jesse Smith married the defendant, Nancy, who, together with defendant, Winchester, administered upon his estate, and took possession of the said slaves as belonging to the estate of their intestate.

The answer denied all knowledge of the allegations of the petition, and put the plaintiff to the proof of them; and also stated that all the slaves sued for were born in the possession of Jesse Smith, and were his property, and that he had had peaceable possession of them and their progenitors more than five years before his death.

Previous to the trial, a notice was served on the defendant, and an order was also made by the court, for the production on the trial of a paper, described as an instrument of writing, executed by John Trousdale, sr., to Nancy Smith, first wife of Jesse Smith, conveying to her, during her life, the negress, Charlotte, and her increase, remainder to the plaintiff, Elizabeth McLain, which instrument was witnessed by John Trousdale, jr., and dated in 1825. The paper not being produced at the trial, the plaintiffs proved its contents by John Trousdale, jr., the subscribing witness. To the admission of this evidence, the defendant excepted.

The plaintiffs also offered a transcript of the record of the will of John Trousdale, sr., and probate thereof, from the County Court of Smith county, Tennessee. The will, as exemplified in this transcript, sustained the allegation of the peti-

tion as to the disposition of the negress, Charlotte.    To this transcript was annexed the following certificate :

State of Tennessee, ⟩
  Smith county.   ⟨

I, William V. R. Hallum, clerk of the County Court of said Smith county, do hereby certify that the foregoing transcript is a true copy of the record in my office, relative to the will and probate thereon of John Trousdale, sr., deceased.

In testimony whereof, I have hereunto set my hand and affix-
⟨ L. S. ⟩ ed my seal of office, this, the twelfth day of Februa-
ry, eighteen hundred and fifty.

W. V. R. HALLUM, Clerk.

Then followed a certificate of the presiding justice to the official character of the clerk, and of the clerk to the official character of the presiding justice.    This transcript was objected to by the defendant, as not duly certified and authenticated, but admitted by the court, to which the defendant excepted.

It was in evidence that Nancy Smith, daughter of John Trousdale, sr., died April 8th, 1845 ; her husband, Jesse Smith, November 1st, 1849, and the negress, Charlotte, in 1838, and that the slaves in controversy were her children and grand children ; that they were born in the possession of Jesse Smith, and remained in his possession until his death.    There was also proof of a demand and refusal before suit.    The defendant asked, among others, the following instructions, which were refused, to which he excepted :

1. The possession of personal property is sufficient evidence of ownership, until proved otherwise.

5. If five years had elapsed after the death of Nancy Smith, before this suit was commenced, they must find for defendant.

The two following instructions were given on motion of the plaintiffs, to which the defendant excepted :

1. If the jury believe that Smith held the slaves in controversy in trust for plaintiffs, or Trousdale, deceased, then they must find for plaintiffs.

2. If Smith held the slaves as the property of John Trousdale, sr., the jury must find for plaintiffs.

The court gave three instructions on its own motion, to which the record showed no exception taken, and which were not incorporated in the bill of exceptions. There was a verdict for plaintiffs, from which the defendant appealed.

*T. Polk,* for appellant. 1. The transcript of the record of the will and probate was not legally authenticated. The act of congress of May 26, 1790, requires that records shall be authenticated " by the attestation of the clerk and the *seal of the court* annexed, if there be a seal," &c. If there be no seal of the court, this fact must appear in the certificate. 1 Pet. C. C. R. 352. But the record in this case shows that this court had a seal, for the same clerk certified to depositions used on the trial, under that seal. A seal *of office* is not the same thing as a seal *of court.* 2. That transcript is no evidence to prove the will of John Trousdale, sr. It was not recorded in this state, as it might have been, under the statute of 1835, which is applicable, as the testator did not die until 1838. If it had been, that record, and perhaps a certified copy thereof, might have been admissible in evidence. There is nothing to show that the original will could not have been produced, and therefore no case made for secondary evidence. It does not even profess to be a copy of the original will, but only a copy of the record, that is, a copy of a copy, which is always inadmissible, (1 Stark. Ev. 193,) unless by express statute. The transcript, if properly authenticated, is proof of the probate of the will, but not of the contents of the will itself. There is nothing to show that it would be received as evidence of the will in the courts of Tennessee. 10 Wheat. 465. 3. No case was made for the introduction of secondary evidence of the contents of the deed of gift from John Trousdale, sr., to Nancy Smith. There was no proof of the loss of the original. 4. The first instruction asked by appellant asserts a legal principle so well established as to be a maxim, and was eminently proper under the proof. 5. The fifth instruction asked by

appellant ought to have been given. It was in proof that Nancy Smith died more than five years before the commencement of this suit. The coverture of Elizabeth McLain will not bar the statute of limitations, because the title to the slaves vested in her husband, and he might have sued for them in his own name. Reeve's Domestic Relations, 60. 6. The two instructions given for plaintiffs were not warranted by the testimony, and were calculated to mislead the jury.

*F. A. Dick,* for respondents. 1. The instructions asked by defendant were properly refused. The first one was an abstract proposition of law, not applicable to this case, and so far as it was correct, was contained in other instructions given. 2. The instructions given for plaintiffs were correct, and applicable to the proof. 3. The instructions given by the court, on its own motion, were not excepted to, and are not contained in the bill of exceptions. But if they were, they are correct. The second one, that the statute of limitations did not run against Elizabeth McLain, she being a married woman, is law. Married women are expressly excepted in the statute. It is no answer to say that her husband might have sued, and that her rights are barred because his are. Suppose he had lived six years and then died, and she had at once brought suit. Could it be said that she would be barred? Within five years her husband might have sued alone ; after that, he must have joined his wife ; but the statute does not run against her until she is in a condition to sue *alone.* It cannot be said that the title to the slaves vested in the husband upon the death of Nancy Smith, for until they were reduced to possession, they were a mere chose in action. *Smoot* v. *Wathen,* 8 Mo. Rep. 522. 4 Bibb, 175. Where several might sue and some are barred by the statute, those not barred may still sue. 1 Brevard's Rep. 326–29. *McKee* v. *Alexander,* 1 Dev. Rep. 321. *Moore* v. *Armstrong,* 10 Ohio Rep. 11. Again, possession, to be protected by the statute, must be *adverse,* and this adverse possession must be *proved. Smoot* v. *Wathen,* 8 Mo. 522. In this case it was disproved.

GAMBLE, Judge, delivered the opinion of the court.

1. When the transcript from the records of Smith county, in Tennessee, containing a copy of the will of John Trousdale, sr., and the probate thereof, was offered in evidence, it was objected to because it was not properly certified and authenticated. As this appears to be the only objection made at the trial, this alone will now be considered. The counsel, in argument, states the ground of the objection to be, that the clerk, who states himself to be clerk of the County Court of Smith county, after certifying that the transcript is a true copy of the records, concludes, "In testimony whereof, I have hereunto set my hand and affixed *my seal of office*, this 12th day of February, 1850." The objection is, that he does not say that he affixes *the seal of the court*. Is the seal of office of the clerk of a court, the seal of the court? Or, to change the question, is the seal of a court the seal of office of the clerk? I think so. I think no person can mistake the meaning of the clerk, when he mentions the seal which he affixes to the certificate, or doubt that it is the seal of the court.

2. The evidence offered of the contents of the deed of gift from John Trousdale, sr., was properly admitted. The defendant was the administrator of Jesse Smith, to whose wife the gift was made, and Jesse Smith, while alive, and his administrator, after his death, would be presumed to have the custody of the instrument. Notice was given to produce it at the trial, or that evidence of its contents would be given. The statutory mode of compelling the production of papers, does not supersede the former common law mode of giving notice to produce and proving contents of an instrument in the power of the opposite party.

3. When the instructions given and refused are to be examined, it is first necessary to say that those which appear in the statement to have been given by the court, on its own motion, were not excepted to, and do not appear to have been made part of the record by bill of exceptions.

4. The two instructions given for the plaintiffs are entirely

inapplicable to the case before the jury, and the statement of any other two propositions of law would have given the jury as much aid in forming their verdict as these instructions. The plaintiffs' case, as made by the evidence, showed a life estate in the slaves in Nancy Smith, the wife of Jesse Smith, and a continuance of the same possession in Jesse Smith, after the death of his wife, without any change whatever in the apparent character of the possession. The instructions about Smith holding the slaves in trust, or holding them as the property of John Trousdale, who had made his deed of gift, disposing of his entire interest in them, were so utterly irrevelant that they could not have misled the jury.

The counsel for the defendant objects, in his argument, to the refusal of the court to give the first and fifth instructions asked by the defendant, the others refused by the court being of but little importance in a case in which the title of the plaintiff was under a deed and a will. The first instruction contains a proposition of law entirely abstract, and which, in all probability, every man on the jury knew as well without the instruction, as he would have known it, if the instruction had been given. The proposition " that possession of personal property is evidence of ownership," if it had been announced to the jury, would not have given them much aid in deciding the case before them, while it certainly would not have surprised them as a great novelty. The court was under no obligation to deal in such abstractions.

5. The fifth instruction was properly refused, because it assumes that the slaves being in the possession of Jesse Smith, as the husband of Nancy Smith, to whom they were given for life, the possession of Jesse Smith, immediately on the death of his wife, Nancy, became adverse to the remainderman, without any act on the part of either, without any claim of title on the part of Smith. This is not the law. The judgment is, with the concurrence of the other Judges, affirmed.