## JOHNSON, Respondent, v. DICKEN, Appellant.

1. Instructions, to become a part of record, must be incorporated into a bill of exceptions.
2. Words charging a person with stealing in a sister state are actionable *per se.*
3. In a suit for slanderous words spoken of a wife, she should be joined with her husband as a party to the suit; the husband alone could not recover unless he avers and proves special damage.
4. Where in a suit for slander—in which slanderous words against the plaintiff and also against the plaintiff's wife, who is not a party to the suit, are charged, and evidence is received upon both charges—the jury assess entire damages, it will be presumed that some part of the damages was assessed upon the count or cause of action for words spoken against the wife, although this count or cause of action may have been defective; in such case the judgment shall be arrested.

*Appeal from Stoddard Circuit Court.*

*Noell,* for appellant.

I. The court erred in giving the instruction asked for by plaintiff. The words alleged in the petition are not of themselves slanderous. There is no allegation that by the laws of Illinois taking or stealing of corn is a crime, and the courts of this state will not take judicial notice of the laws of ano-

ther state regulating their own internal affairs. Nor is there any allegation that he meant by the words used to charge plaintiff with a felonious stealing. It was error then to charge the jury that proof of the words alleged in the petition was sufficient. The proof must go beyond the petition to justify a verdict. Taking the corn may have been an innocent act for aught that appears in the petition in reciting the words used.

II. The court erred in overruling the motion in arrest. The words used are not such as of themselves import a slander or imply that plaintiff was guilty of a crime by the laws of Illinois. Besides, so much of the petition as charges slanderous words or any words having been spoken by defendant of plaintiff's wife is insufficient. An action can not be maintained by the husband alone for slanderous words used concerning his wife, especially where no allegation is made of special damage to the husband by reason of such slander. (1 Starkie on Slander, 348-9.) There was a misjoinder of causes of action. An action for slander of the husband can not be joined with an action for slander of the wife, the wife not being a party to the suit and no special damage to the husband being alleged.

III. The court also misdirected the jury by instructing them that it was sufficient to enable the plaintiff to recover if defendant reiterated a common report. (2 Starkie on Slander, 248.)

RICHARDSON, Judge, delivered the opinion of the court.

This was an action of slander commenced in 1855, and the petition was as follows: "The plaintiff states that on or about the first day of November, in the year one thousand eight hundred and fifty-five, at the county of Stoddard, in the state of Missouri, the defendant, said Christopher Dicken, spoke the following false and slanderous words concerning the plaintiff—that is to say, that plaintiff had stolen corn in Illinois and had to run away from there for it, and he (defendant) could prove it; and that the wife of the defendant

had stolen a wagon load of corn, and that he dared plaintiff to put him to the proof of it; by which plaintiff says he is damaged to the amount of ten thousand dollars, for which he prays judgment." The answer denied all the allegations in the petition. On the trial evidence was given tending to prove that the defendant spoke the words charged in the petition. Before the case was submitted to the jury, instructions were given by the court, and though they are copied into the transcript they are not preserved in the bill of exceptions. A general verdict was rendered for the plaintiff, and the defendant filed his motion for a new trial and in arrest, but both motions were overruled.

Instructions are not a part of the record, and because the clerk may copy them into the transcript they do not for that reason get properly before this court; and it has often been decided that the Supreme Court will not review instructions unless they are incorporated in a bill of exceptions. (17 Mo. 49.)

The petition attempts to state in one count two separate causes of action, to-wit, that the defendant falsely said of the plaintiff that " he had stolen corn in Illinois, and had to run away from there for it," and, secondly, " that the wife of plaintiff had stolen a wagon load of corn."

It has been insisted that, as to the first cause of action, the motion in arrest ought to have been sustained, for the reason that the words are not actionable, in omitting the averment that stealing is a crime in Illinois. Without undertaking to define a rule as to the nature of the offence imputed to render words actionable *per se*, it is sufficient to say that larceny is an offence at common law involving moral turpitude and which subjects the guilty party to infamous punishment; and though our courts will not take judicial notice of the laws of another state at variance with the common law, yet upon a common law question the presumption is that the common law of a sister state is similar to our own. (8 Mo. 7; 10 Wend. 75.) Slanderous words, spoken in reference to a transaction that took place in another state, will be ac-

tionable *per se* in our courts, if an action of slander will lie for like words spoken in reference to a crime alleged to have been committed in this state. In Cefret v. Burch, 1 Black. 400, the defendant charged the plaintiff with having stolen hogs in Ohio; in Vananken v. Westfall, 14 Johns. 232, the actionable words were that the plaintiff had stolen money in Pennsylvania; and in the cases of Offull v. Earlywine, 4 Blackf. 460, and Leaville v. Earlywine, 4 Blackf. 469, the plaintiff was charged with having committed larceny in Kentucky. If the offence charged derives its quality as a crime from the statute alone, the rule would be otherwise. The right of recovery does not depend on the fact that the plaintiff would be amenable to our laws if the charge was true, for he might have been demanded as a fugitive from justice and punished in Illinois; and it is no less slander to charge a person with an offence for which a criminal prosecution is barred by limitation.

As to the slander of the plaintiff's wife, he had no cause of action without joining her in the suit, unless he had sustained special damages, which he was bound to aver and prove. (1 Starkie's Slander, 348.) For the words spoken of the wife an action might survive to her, and if the plaintiff is permitted to recover for the slander of his wife without uniting her in the suit, or alleging and proving special damage to himself, the defendant would be liable to make compensation twice for the same injury. There is clearly no cause of action properly stated for the slander of the wife, but proof was received on that charge; and as the jury assessed entire damages, it must be intended that some part of the damages was assessed upon that allegation, and for that reason the judgment should be arrested. (Holt v. Scholefield, 6 Term R. 691; Gibbs v. Dewey, 5 Cowen, 503.) It was the practice in England when there was a general verdict on a declaration containing several counts, some of which were bad, and evidence had been given only on the good counts, to amend the verdict by the judge's notes of the trial; but Justice Buller said: " If there was *any* evidence which applied to the other

bad or inconsistent counts—as, for instance, in an action for words, where some actionable words were laid and some not actionable, and evidence given of both sets of words and a general verdict—there the *postea* could not be amended, because it would be impossible for the judge to say on which of the counts the jury had found the damages, or how they had apportioned them." (Eddows v. Hopkins, Doug. 376.) Under the old system of practice in this state, it was directed by the statute that " where there are several counts in a declaration, and entire damages are given, the verdict shall be good, notwithstanding one or more of such counts shall be defective ;" but that provision can not help this verdict, because both causes of action, though one is defectively stated, were pleaded and tried together, and, as there was no separate assignment of the damages, and the court could not ascertain upon which cause the jury made the assessment, the motion in arrest should have been sustained. (Mooney v. Kennett, 19 Mo. 554.)

The other judges concurring, the judgment will be reversed and the cause remanded.