## Hipes *v.* Cochran.

Where nothing was claimed upon a paragraph of a complaint, and no evidence was offered in support of it, a trial without an issue upon it will not authorize a reversal of the judgment.

A notice, given in *Centreville, Indiana, December* 23, 1856, to take depositions in *Rochester, Monroe* county, *New York,* on *Thursday,* the first day of *January* ensuing—the term of the Court in which the cause was to be tried, commencing on the first *Monday* of the latter month—was *held* to be sufficient.

The Courts, in such cases, will take notice of the facilities of travel, in determining the time necessary to pass from point to point.

APPEAL from the *Wayne* Court of Common Pleas. <span style="float:right">*Thursday, December* 1.</span>

HANNA, J.—Suit upon a written agreement.

Answer, first, a general denial; second, fraud, setting out specially the fraudulent acts, &c.; third, fraud generally.

Demurrer to the second and third paragraphs of the answer, overruled as to the second, sustained as to the third. Leave given to amend the third, and also to "plaintiff to file an amended complaint."

Reply in denial of second paragraph of the answer.

Second paragraph filed to the complaint.

The record does not show any amendment to the third paragraph of the answer, nor any answer to the second paragraph of the complaint, unless the general denial of the matters averred in the complaint, operated as an answer to the second paragraph of that complaint, although that paragraph was not filed until after the answer.

This raises the first question, for it is insisted that, as to the second paragraph, there was a trial without an issue.

There was a verdict and judgment for the plaintiff for 170 dollars.

The first paragraph of the complaint was upon a writ-

ten agreement by which the defendant promised to pay the plaintiff 170 dollars, for a certain number of strawberry roots, to be delivered at a certain time and place, &c. The second paragraph, was for money lent, money paid to the use of the defendant, and for labor and materials furnished.

The question upon which much of the argument of counsel, on both sides, was bestowed, namely, whether the general denial could apply to the second paragraph of the answer, does not appear to us to be involved in this case, under the circumstances, and we do not, therefore, decide it (see 2 Ind. R. 36; 5 Blackf. 445); because a bill of exceptions taken to the rulings of the Court, in giving and in refusing instructions, contains this language, to-wit, "there being nothing claimed on, or evidence offered in support of, the second clause in the complaint." By the word "clause," we understand the paragraph to be meant. And as, on the trial, there was nothing claimed upon, or evidence offered in support of, the matters alleged in that paragraph, we do not see how the defendant, by his failure to make an issue specially upon it, could have suffered such an injury as would authorize a reversal of the judgment, even if a reversal would, in any instance, be proper upon the suggestion of the negligent party—a point we do not decide. See 11 Ind. R. 288.

The next point made, is, that the Court erred in overruling a motion by the defendant to suppress depositions. The objection was as to the sufficiency of the notice. The notice was given in *Centreville, Indiana*, on the 23d day of *December*, 1856, to take depositions in *Rochester, Monroe* county, *New York*, on *Thursday*, the first day of *January*, 1857. On the next *Monday*, to-wit, the first *Monday* of *January*, the Court, in which the case was to be tried, was to convene for the term. We are not informed upon what day of the term the case was fixed for trial; nor is there any evidence of the distance from *Centreville* to *Rochester*, or the ordinary, usual mode of travel from the one place to the other.

It is insisted, first, that, under the decision in *Cefret* v.

*Burch,* 1 Blackf. 400, the notice was not a sufficient length of time before the day fixed for taking the depositions; and, second, that the day on which the depositions were to be taken was, considering the distance, too near the commencement of the term of the Court.

In the case cited, seven days was considered too short a notice, in 1825, given in *Daviess* county, *Indiana,* to take depositions in *Hamilton* county, *Ohio.* Considering the relative distances between the geographical points in that case, and in this, the decision in this, must be the same as in that, unless some facts exist, operating in this case, which did not in that. It is assumed, as a matter of course, in the argument, that the Court will take notice of the artificial improvements in the country, whereby a person can pass from place to place with increased facility over the mode resorted to in 1825. Upon this point, the sufficiency of the notice depends. Our statute is, that " The adverse party shall be allowed a reasonable time to travel from his usual place of abode to the place of taking the deposition, by the ordinary route of travel, exclusive of the day of service, the day of taking the deposition, and intervening *Sundays.*" 2 R. S. p. 85.

The Supreme Court of the *United States* makes use of this language, namely, "that the Court is bound to take notice of public facts and geographical position." *The Apollyon,* 9 Wheat. 362. Which proposition is afterwards adverted to approvingly. *Peyroux* v. *Howard,* 7 Pet. 324. See, also, *The United States* v. *La Vengeance,* 3 Dall. 297. But in the case in 7 Pet., *supra,* it is also said, that " It cannot certainly be laid down as a universal, or even as a general proposition, that the Court can judicially notice matters of fact. Yet it cannot be doubted that there are many facts, particularly with respect to geographical positions, of such public notoriety, and the knowledge of which is to be derived from other sources than parol proof, which the Court may judicially notice."

We are of opinion that the fact that the usual route and speed of travel, from *Centreville, Indiana,* to *Rochester, New York,* is by railroad, is a public fact of which this

Court can as well take notice as it could of the route and mode of passing from point to point, as decided in the case in 1 Blackf. *supra.*

Applying that principle to the case at bar, it will be seen that there would be some eight days to make the necessary preparation and go from the one point to the other; and that the actual time necessarily consumed in making the journey need not exceed twenty-four to thirty-six hours. Therefore, the notice was a sufficient length of time before the day of taking the depositions.

As to the second point, it is argued that more than one day might be required to take the depositions, and, therefore, sufficient time might not remain to return before the day of the trial. The answer to this is, that by our statute (2 R. S. p. 88, § 263), the deposition must be filed in Court at least one day before the day the cause stands on the docket for trial, or if filed afterwards, the opposite party, upon good cause shown, would be entitled to a continuance. We are not aware of any mode by which the deposition might be legally returned at an earlier day than the party could himself return.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. B.* and *G. W. Julian,* for the appellant.

*O. P. Morton* and *J. F. Kibbey,* for the appellee.