ARTHUR H. HARRIS *vs.* WILLIAM BROWN.

*Depositions out of the State—how taken, and on what notice.*

Depositions taken out of the State, and not under a commission, must be taken by a person legally competent, and upon due notice to the adverse party or his attorney.

Due notice is such, as under the circumstances of each case, will enable the party or his attorney reasonably to attend at the time and place of caption, and its sufficiency is a matter addressed to the discretion of the presiding judge.

ON EXCEPTIONS to rulings in the superior court.

The plaintiff (the verdict being against him) excepts to the admission in evidence of the deposition of John T. Hayslett, taken in New Bedford, Mass., before a justice of the peace there, on the twenty-fourth day of September, 1872, at the request of the plaintiff, upon notice served upon the defendant's attorney in Portland on the fourteenth day of the same month, the distance between these two places being 166 miles. The superior court was in session September 14, 1872, but adjourned on and from the sixteenth to the thirtieth day of that month.

*T. H. Haskell,* for the plaintiff.

Court was in session when notice was served upon me. Rule 27 of superior court is like rule 23 of this court. It should have been given after adjournment, allowing due time. *Holmes* v. *Sawtelle,* 53 Maine, 179. Excluding (as they should be) the days of service and caption, there were only nine days between them, one of which (of course) was Sunday; so that we did not have "due notice," which is statute notice. *Brown* v. *Ford,* 52 Maine, 479. That the 14th and 24th should not be counted, see *Bigelow* v. *Wilson,* 1 Pick., 485; *Windsor* v. *China,* 4 Maine, 298.

*Bradbury & Bradbury,* for the defendant.

DANFORTH, J. The principal question in this case is that which arises from the exception to the admission of the deposition of John T. Hayslett. The objection is two-fold; that it was taken in term time, and that due notice was not given.

Depositions, instead of the personal attendance of the witness, can be used only when authorized by statute. Consequently, in order to make them admissible, all the provisions of the statute in relation to them must be complied with.

While the statute prescribes in detail the manner of taking depositions within the State, and leaves nothing to the discretion of the court, there are but two imperative provisions in relation to those taken without the State; and in all other respects they are to be received or rejected as the discretion of the court shall dictate. By R. S., c. 107, § 8, it is provided that, "when a deposition is taken out of the State, and not under a commission, the adverse party or his attorney shall have due notice thereof. By § 20 of the same chapter, "the court may admit or reject depositions taken out of the State by a justice, notary, or other person lawfully empowered to take them." These two provisions are all we find in relation to depositions taken out of the State and not under a commission. The one now in question was so taken. Did the adverse party have due notice of the caption? As it is so prescribed in the statute, without it the deposition cannot be used. *Brown* v. *Ford*, 52 Maine, 479.

The answer to the above question must depend upon the meaning to be given to the words "due notice." It is claimed in the argument that they refer to and mean the same as the provision in relation to notice of taking depositions within the State, and *Brown* v. *Ford* above cited is relied upon as authority for that view. But that case decides only that the person notified was not the attorney of the adverse party, and no question was made as to the kind or length of notice given.

The statutes of 1821, c. 85, § 2, provide for the same notice as is now required for depositions taken within the State, while, by § 6 of same chapter, none whatever was required for those taken

abroad unless "the adverse party or his attorney shall live within twenty miles of the place of caption." The rule of court then and still in force, 1 Maine, 420, prohibited the admission of a foreign deposition taken without a commission, "unless the adverse party was present, or was duly and seasonably notified but unreasonably neglected to attend."

In the revision of 1841, c. 133, § 14, we find a change in the law upon this subject, and the language of the rule of court substantially adopted. It reads, "the adverse party or his attorney shall be duly notified." This provision, with a slight verbal alteration, was continued in the revision of 1857, c. 107, § 8, and there reads as in the last revision; "the adverse party or his attorney shall have due notice thereof."

It seems that, from the beginning, depositions taken within and without the State have been admitted upon distinct provisions of law, including that relating to notice. If the legislature had intended to require the same notice in the one case as in the other, it would have been easy and natural to have said so, much more natural than to have kept up the distinction all the way through. This distinction would seem to require that, while we give full force and meaning to the words requiring the shortest notice that shall be given when the deposition is taken within the State, we should also give the proper meaning to the words requiring notice for taking depositions out of the State. In this view due notice would be that which is suitable, fit or proper; that which will reasonably enable the adverse party to be present at the taking of the deposition. The court must have so understood it when the twenty-fourth rule was adopted; otherwise the provision for admitting the deposition when the adverse party was present at the caption would be in conflict with the statute.

In accordance with this view has been the practice and decisions of this court.

In *Clark* v. *Pishon*, 31 Maine, 503, two depositions taken out of the State were admitted, though objected to for want of sufficient notice, on the ground that "the allowance of the depositions was at the discretion of the judge."

Harris *v.* Brown.

In *Freeland* v. *Prince*, 41 Maine, 105, though this precise question was not before the court, Rice, J., in the opinion remarks : "the extent of this discretion is undefined. Under it the practice has been to admit depositions taken out of the State by competent persons, in all cases where the presiding judge is satisfied that there has been a substantial compliance with the statute ; when the deposition was fairly taken, and the adverse party was present, or had reasonable notice, and an opportunity to be present, and where there is no reason to believe that the party taking the deposition, the magistrate or the deponent have conducted improperly in the matter, though the caption may not be, in all respects, technically correct."

The rule of the superior court, like that of this court, simply requires the presence of the adverse party or that he shall be "duly and seasonably notified, but unreasonably neglected to attend."

The result is that, while the statute in every case imperatively requires "due notice" to the adverse party or his attorney, what is due notice must depend upon the circumstances of each case, and must be settled by the sound discretion of the presiding judge. In this case we perceive no lack in the exercise of that discretion.

The other objection, that it was taken in term time, is not sustained by the facts. The taking was while the court was not in session and there was ample time after the notice and after the adjournment for the adverse party or his attorney to have attended. *Holmes* v. *Sawtelle*, 53 Maine, 179.

In all other respects the rulings of the court to which exceptions were taken are clearly right.. *Exceptions overruled.*

WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.