GEORGE D. BULEN v. JOHN H. GRANGER.

*Assigned receipt—Cross-examination—Conduct of counsel.*

1. In an action upon an assigned obligation, the assignee, if called as a witness for the plaintiff, may properly be cross examined as to any material fact affecting the execution of the paper.

2. Defendant should be allowed to cross-examine plaintiff's witness where by so doing he can obtain testimony which he would otherwise be obliged to make the witness his own to obtain.

3. Counsel must not state in the jury's presence what took place, or what rulings were made on a former trial.

4. Defendant denying liability on an obligation on the ground that the consideration had failed, has the burden of showing such failure.

5. In an action upon an obligation given by a man to his divorced wife, the consideration for which was that she should pay certain debts of his, it is proper for him to show in defense that she had paid them, if at all, with the surplus of moneys furnished her by him for domestic expenses. And after she had testified that she paid them with money obtained from an insurance company, it was proper to cross-examine her as to whether she did not borrow such money on property given her by her husband, the purpose being to show that the money was not borrowed, but was taken out of her husband's store.

Error to Wayne. (Jennison, J.)    Oct. 14.—Oct. 28.

ASSUMPSIT.    Defendant brings error.    Reversed.

*Henry M. Cheever* for appellant.

*Levi T. Griffin* (*Griffin & Warner*) for appellee.

SHERWOOD, J.    The plaintiff in this case brought suit in assumpsit against the defendant upon an instrument which he gave to Millie M. Granger, his former wife, and which is as follows:

DETROIT, May 16, 1882. Received of Mrs. Millie M. Granger $475, to be paid when store number 20, Monroe avenue, is sold, or money borrowed on the same. [Signed] J. H. GRANGER.

. On the back of the instrument is indorsed the following :

For value received, I hereby sell, assign, and transfer to George D. Bulen the within instrument, and all rights of action thereunder, and right to recover the money therein mentioned, but at his own costs and expenses, but after crediting the said Granger with two notes of one hundred dollars each, given by my brother, Albert Hillinger, and given to me by the said Granger. MILLIE M. GRANGER. *Detroit, July* 11, '82.

The damage claimed by plaintiff was $279. The plea was the general issue, with notice given of want of consideration. The cause was first tried before a justice in Detroit, and judgment given for the plaintiff. The defendant appealed to the circuit, where the cause was tried before Judge Jennison by jury, and the plaintiff recovered a verdict for the amount claimed. This judgment was reversed on appeal to this Court. 56 Mich. . The cause has since been again tried at the circuit with the same result as before, and the case again comes before us on error. The store was sold some time between the 20th and 30th of May, 1882, and this suit was commenced in September following.

There seems to be no question as to plaintiff's right to bring the action for whatever may be due or owing upon the instrument assigned to him. The paper declared upon contains a statement of the consideration for which it was made, and this rendered it necessary for the defendant to make proof of the facts necessary to defeat the plaintiff's prima facie case. In making his preliminary proofs, the plaintiff's counsel placed upon the stand as a witness the plaintiff's assignor, Mrs. Millie Nicolai (formerly Mrs. Granger), and examined her as to the execution of the receipt to her by the defendant, and her execution of the assignment thereof to the plaintiff, and after she had testified to their execution, defendant's counsel, before the papers had been offered in evidence, proceeded to cross-examine the witness, claiming that the paper testified to was not the original receipt. The cross-examination, except that which related directly to the signing of the instrument, was ob-

jected to; part of it as not proper cross-examination, and part of it as immaterial, and the several objections were sustained by the court, and the ruling excepted to. We think this cross-examination should all have been permitted, and the ruling out of that portion which was objected to on the ground of immateriality alone was error. The testimony was material to the issue as made by the pleadings.

The instrument to which the testimony related was the foundation of the plaintiff's case. It was specially declared upon in his declaration. His case depended upon its validity, and the defendant should have been permitted to show upon the cross-examination every material fact relative to the execution of the paper. Especially should this have been done after the plaintiff introduced the instrument in evidence. Such examination at that time, however, was refused by the court, which was still more erroneous. *De Witt v. Prescott* 51 Mich. 300. The defendant should have been permitted to obtain from the plaintiff's witness the facts he sought to elicit if she knew them, without being obliged to recall her and thus vouch for her credit by making her his own witness. *Detroit & Milwaukee Railroad Co. v. Van Steinburg* 17 Mich. 108; *Thompson v. Richards* 14 Mich. 183; *Chandler v. Allison* 10 Mich 476; *O'Donnell v. Segar* 25 Mich. 370; *New York Iron Mine v. Negaunee Bank* 39 Mich. 660.

Counsel should not have been allowed to state what occurred upon the former trial or what rulings were then made. It was improper in the presence of the jury.

The defendant claimed that the receipt sued upon was given by him to Mrs. Granger for moneys she was to pay on outstanding debts against him thereafter, and that she never paid such indebtedness and therefore the receipt was without consideration and a recovery should not be allowed against him. The burden was upon him to show these facts. The defendant at the time kept a drug-store, but had sold it, and the debts she was to pay were those incurred in carrying on the store business. The defendant was sworn, and after testifying that when he married Mrs. Granger, they had no

property, but subsequently he, upon the death of his father, received a large amount from his estate, was then asked the question: "State whether, during the years 1880, 1881 and 1882 you paid your wife a large amount of money over and above what was necessary to carry on the house or to buy things, provisions—provisions for the table—as rents, or for investments, say to the amount of $3700." (Objected to as immaterial and objection sustained.) The witness should have been allowed to make his answer. The defendant's wife claimed to have paid the debts of defendant, to the amount of the receipt, from her own money. It tended to show that she made use of the defendant's money instead of her own (if she paid them) in so doing; at least, such was a legitimate inference which the jury might have drawn, and the defendant should have been allowed the benefit of it.

Mrs. Nicolai was recalled by plaintiff on rebuttal, and testified that she paid the debts of defendant to the amount of the receipt and over, from moneys obtained of the Marine Fire Insurance Company. She was then asked by defendant's counsel if she did not borrrow it on property which Mr. Granger gave her. This was objected to as immaterial. Counsel for defendant then stated that he wished to show that the money was taken out of the store; that she did not pay the bills with money that she borrowed. The question was proper cross-examination, and it was erroneous not to allow the witness to answer.

All the testimony appears in the bill of exceptions, which discloses several other irregularities occurring upon the trial that could hardly have failed to have a prejudicial effect upon the rights of the defendant before the jury, and which should have been avoided.

We had hoped to have been able to close this litigation here; but this we could not do and preserve the legal rights of the parties as presented upon the record. The judgment must therefore be

Reversed and a new trial granted.

The other Justices concurred.