### GEORGE W. HARRIS'S APPEAL FROM COMMISSIONERS.

Hartford Dist., Jan. T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, TORRANCE and THAYER, Js.

The question what is reasonable notice of the taking of a deposition must depend largely upon the circumstances, and much must be left to the discretion of the court in the matter.

In a suit pending in this state, the counsel on both sides residing in the city of Hartford, the counsel for one of the parties desired to take the deposition of a witness residing in New York, who was temporarily in Hartford, but about to leave for a distant state and to be absent until after the trial, and proposed to the counsel of the adverse party to take the deposition two days later in Hartford or the next week in New York city, as he might prefer, and, on his declining to agree to either, had a notice regularly served upon him the next day for the taking of the deposition at Hartford at half past nine the day following. It was taken at the time stated, but no one appeared for the adverse party. On the deposition being offered in evidence the counsel for the adverse party objected to it on the ground of want of reasonable notice, but the court admitted it. Held not sufficient ground for granting a new trial.

By Gen. Statutes, § 1072, depositions, after being returned to court, are to remain in the custody of the clerk until final judgment. The above deposition was opened by the clerk, and the counsel taking it was allowed by him to carry it away for the purpose of making a copy, and it remained in his hands until the trial, but he had given the counsel for the adverse party a copy of it. It did not appear that the adverse party had been harmed by its being out of the custody of the clerk, and the court, on objection taken to its admission, received it. Held to be no error, and that if it had been it would not, in the circumstances, be a sufficient ground for granting a new trial.

[Argued January 14th—decided March 3d, 1890.]

APPEAL from the doings of commissioners on the insolvent estate of the Union Cattle Company of Hartford, in allowing a claim presented by F. P. Halsey; taken to the Superior Court in Hartford County, and heard before *Phelps, J.* Facts found and judgment rendered for the appellant and appeal by the original appellee. The case is sufficiently stated in the opinion.

*G. G. Sill*, with whom was *G. E. Sill*, for the appellant (original appellee.)

*E. D. Robbins*, for the appellee (original appellant.)

TORRANCE, J.   On this appeal two questions were argued before this court.

The first was, whether the court below erred in deciding upon the facts found that the present appellant, Halsey, had no claim against the insolvent estate of the Union Cattle Company of Hartford, Connecticut; and the second was, whether the court erred in receiving in evidence the deposition of William R. Haskell against the objection of Halsey, the present appellant.

Upon the first question, it does not appear from the record with sufficient clearness that any question of law was distinctly raised at the trial below and was decided adversely to the present appellant's claims, as the statute requires.

Harris, the present appellee, made certain claims which the court below sustained, but it nowhere appears that Halsey, the present appellant, made any claims on this part of the case which the court was called upon to consider at all, or that any such claims were decided adversely to him.   We can of course infer that Halsey desired the court below to decide the cause in his favor, but it nowhere appears of record that he made or raised on this part of the case any of the claims now set forth in his assignment of errors, or that any of these claims were decided adversely to him.   Nor do we think that any question of law on this branch of the case appears of record.   The court below has found certain facts and from them has found as a conclusion of fact that Halsey has no claim against the Union Cattle Company of Hartford.   For these reasons we decline to consider any of the alleged errors as to this part of the case set forth in the assignment of errors.

On the trial below the present appellee, Harris, offered in evidence the deposition of one William R. Haskell.   Halsey objected to it on the grounds, first, that reasonable notice of

its taking had not been given, and second, because after it had been returned to court it had not remained in the custody of the clerk till final judgment, as the statute requires.

The court found that Haskell was a resident of New York, and that on the 30th day of October, 1888, he was temporarily in Hartford, when and where the counsel for Harris accidentally met him, and was informed by him that he, Haskell, within a week thereafter was going to Kansas, to be absent until after the present case then pending in the court below would be tried. Thereupon said counsel on the same day notified Halsey's counsel that he desired to take Haskell's deposition and offered to take it in Hartford on the first day of November following or in New York during the following week. Halsey's counsel objected to the time first named, because on that day he had other business, and to the last, because he did not propose to go to New York to take a deposition, and he refused to accept service of a written notice then presented to him to take the deposition on the first of November, 1888, at half past nine in the forenoon, at an office in Hartford just across the street from his own. Thereupon a copy of the notice was duly served upon him next day at half past nine in the forenoon.

Halsey was a resident of and was then in Kansas, and was not present nor represented at the taking of the deposition.

After filing and opening the deposition the clerk permitted the counsel for Harris to take it out of his office to make a copy, and he retained it till the trial, but left a copy with Halsey's counsel soon after it was made and before trial. By Gen. Statutes, § 1072, depositions after being returned to the court, shall remain in the custody of the clerk until final judgment is rendered in the case.

We have no means of knowing whether the deposition contained material and important evidence against Halsey or otherwise, but, however this may be, we are satisfied that in receiving it in evidence the court committed no error for which a new trial should be granted.

As to the first ground of objection, it is obvious that what

is reasonable notice must depend largely upon the facts and circumstances of each case, and that in such matters much must be left to the wise legal discretion of the trial court. Taking into account all the facts as to this matter of notice as they appear of record, we think the notice in this case was a reasonable notice. If for any good and sufficient reason Halsey's counsel could not be present at the taking of the deposition, or thought the time too short, he should have taken steps to have the matter postponed, which doubtless would have been done at his request for sufficient cause, and if it had not been so postponed for reasonable cause shown by him, a foundation would have been laid for the rejection of the deposition much stronger than any that now appears of record. In saying this however we speak only with reference to the case now before us, and to the facts as they appear of record in it.

As to the second ground of objection, we think the court committed no error in overruling it; but, had it been error to do so, still such error could not avail Halsey, for there is no claim or pretense that the taking and retention of the deposition harmed or prejudiced him in any manner whatsoever. Indeed it nowhere appears, either expressly or by necessary implication, that the admission of the deposition harmed or prejudiced the present appellant in the slightest degree.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.