THE SING CHEONG COMPANY *vs.* YUNG WING.

Hartford Dist., Oct. T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

A company consisting of citizens of China and doing business in that country, brought a suit in this state against a native of China, many years before naturalized in this country and residing here, upon a claim founded upon transactions with the defendant while visiting China a few years before. The plaintiffs' attorney gave notice to the attorney for the defendant on March 16th, 1889, that sundry depositions to be used in the case would be taken at Shanghai in China, before the consul of the United States there, on the 17th day of May, 1889, and on October 18th, 1889, gave notice that other depositions would be taken there on November 30th, 1889. The counsel for the defendant protested in each case that the time was insufficient, and the defendant was not present or represented when the depositions were taken. It appeared that the trip to Shanghai could be made in twenty-nine days. When the depositions were offered in evidence the court, upon objection of the defendant, ruled them out on the ground that the notices were not reasonable. On appeal of the plaintiffs it was held—

1. That the ruling of the court below that the notices were not reasonable was one that could be reviewed by this court.
2. But that, upon the peculiar facts of the case, the notices were not sufficient in respect to the time allowed, and the depositions were properly ruled out.

The time to be allowed for the taking of depositions in so remote a country, of a strange language and imperfect civilization, where the legal sanctions under which testimony is taken in civilized countries are unknown, and where consequently special preparation and arrangements are necessary for the proper taking of depositions, is much greater in proportion than the time required for the ordinary taking of depositions. Time that is sufficient for little more than reaching the place is insufficient.

The statute (Gen. Statutes, § 1068) requires only that "reasonable notice" shall be given. Much must depend upon the circumstances of each particular case, and something also may properly be left to the legal discretion of the judge.

[Argued October 14th—decided December 15th, 1890.]

ACTION for money advanced; brought to the Superior Court in Hartford County and tried to the court before *Thayer, J.* The court made the following finding of facts :—

The plaintiffs are subjects of the Chinese Empire, residents of Shanghai, China, and actively engaged in business there. The defendant is a Chinaman by birth, was formerly a citizen of China and subject of the Chinese Empire, and a man of prominence in his own country, and well acquainted with people in and about Shanghai, and cognizant of the customs of the country; but for many years last past, and long prior to the time when this suit was brought, a naturalized citizen of the United States. He is a widower, and with his young children resides at West Hartford. The subject matter of this suit arose out of transactions claimed to have been had with the defendant in person, or with his agents, in China, between November 28th, 1882, and November 24th, 1883, during the sojourn of the defendant in China.

Upon the trial the plaintiffs offered in evidence and proposed to read the depositions of Chun Wing Nam, one of the plaintiffs in the suit, and Li Pak Hin, taken before Jo-

seph A. Leonard, Consul-General of the United States at Shanghai, China, upon a notice, dated March 16th, 1889, thereto attached. Counsel for the defendant objected to the introduction and reading of the depositions on the ground that reasonable notice of the taking of them had not been given the defendant. The notice was as follows :—

" *Sing Cheong Co. vs. Yung Wing.* State of Connecticut, Superior Court, Hartford County.

" The defendant in the above-entitled cause will take notice that the plaintiffs therein will take the depositions of Cheong Wing Nam and others, to be used in the trial thereof, on the 17th day of May, 1889, at ten o'clock A. M., before John D. Kennedy, Consul-General of the United States at Shanghai, China, or other competent authority, at the United States Consulate at Shanghai, China. Dated at New Haven this 16th day of March, 1889.

" WILLIAM H. LAW, *Attorney for plaintiff.*

" To HENRY C. ROBINSON, *Attorney for Yung Wing.*"

· The plaintiffs also offered in evidence other depositions taken in China before the same authority upon notice given to the defendant's attorney on the 18th of October, 1889, which was as follows :—

" *Sing Cheong Co. vs. Yung Wing.* State of Connecticut, Hartford County, Superior Court, October Term, 1889.

" To the defendant in the above-entitled action, and to Henry C. Robinson, his attorney.

" You are hereby notified that the further depositions of Yung Wing Nam and Li Pak Hin, and the depositions of sundry witnesses, to be used on the trial of the above-entitled action, will be taken by the plaintiffs therein on the 30th day of November, 1889, at eleven o'clock in the forenoon, at the office of the United States Consulate in Shanghai, China, before J. D. Kennedy, Esq., Consul-General, or other proper authority, and at such times and places as such authority shall fix by adjournment. You will be present and put interrogatories if you see fit. Dated at Hartford this 18th day of October, 1889.

" SING CHEONG CO., by WM. H. LAW, *its Attorney.*"

To this notice was appended the following acceptance of service :—" We accept service of this notice so far as we can without waiving rights to the substance of the notice itself; all formalities are waived. H. C. & L. F. ROBINSON, for Yung Wing."

The defendant's counsel, upon the same ground as in the former case, objected to the reception and reading of these depositions. At the time of the giving of this notice the plaintiffs' attorney notified the defendant's attorney that he could file cross-interrogatories to the interrogatories to be sent in behalf of the plaintiffs if he desired to, and that the plaintiffs' interrogatories would be forwarded to him, the defendant's attorney, if he desired it, to enable him to prepare such cross-interrogatories. The defendant's attorney replied that the notice was unreasonable and that he should yield no right to resist it. It was agreed that the trip from this state to Shanghai, China, could be made in about twenty-nine days.

The court held and ruled that the notice given to the defendant was not reasonable or sufficient, and that no reasonable notice was given to him or his attorney of the time and place of taking the depositions, and excluded them. The plaintiffs excepted. The court rendered judgment for the defendant, and the plaintiffs appealed.

*W. H. Law*, for the appellants.

1. The notice for the taking of both sets of depositions was reasonable. As far back as 1702 our statutes recognized depositions so long as " a notification with reasonable time be first made out and delivered to the adverse party to be present at the time of taking such affidavit, if he thinks fit." Comp. of 1808, tit. 174, ch. 1. So too statutes in all other states admit the taking of depositions on certain notice to the adverse party, which notice is usually prescribed, and does not exceed from one to ten days in those states where the matter is regulated by statute, and an additional day for each prescribed day's travel to the place where the depositions are to be taken. The tendency in most of the

states is to prescribe what notice is reasonable, though in some, as in Connecticut, the statute merely provides for a " reasonable notice," or " due notice," or " reasonable time," according to the phraseology used. Our statute (Gen. Statutes, § 1068), is as follows :—" When any witness in a civil action is out of the state or more than twenty miles from the place of trial, is going to sea or out of the state, * * * his deposition may be taken by a judge or clerk of any court, * * * but reasonable notice shall be given to the adverse party, or his known agent or attorney, or left at his usual place of abode, to be present at the time of taking such depositions, and the depositions may be taken in any other state or country by a notary public, commissioner appointed by the governor of this state or any magistrate having power to administer oaths, and if taken out of the United States, before any foreign minister, secretary of legation, consul or vice-consul appointed by the United States and residing in the country where the depositions are taken." The statute of Ohio requires that the adverse party be allowed sufficient time (exclusive of Sundays, the day of service, and one for preparation), to travel by the usual routes and modes of conveyance to the place named in the notice. In Dakota, one day for preparation, and time to travel by usual routes and modes (exclusive of Sundays and the day of service). In Indiana the adverse party shall be allowed reasonable time to travel from his usual place of abode to the place of taking the depositions by the ordinary route of travel, exclusive of the day of service, the day of taking the depositions and Sundays. In New Hampshire the statute provides for " reasonable notice." So in West Virginia. In Maine " due notice " is required. In Vermont a " reasonable time " to appear and be present at the taking of the depositions. The reasonable time prescribed by statute means a reasonable time to appear and be present with counsel. *Kimpton* v. *Glover*, 41 Verm., 283 ; *Harris* v. *Brown*, 63 Maine, 51. In *Phelps* v. *Hunt*, 40 Conn., 101, the court says, as to what constitutes reasonable notice, " each case must to a certain extent be governed by its own. circum-

stances; the opposite party must have a fair opportunity of cross-examining." See *Stephens* v. *Thompson*, 28 Verm., 77; *Attwood* v. *Fricot*, 17 Cal., 37; Weeks's Law of Depositions, § 270. So, too, when the statute does not prescribe a day for every certain number of miles, the court will inquire more particularly as to the time necessary to travel the distance by the customary routes and the usual modes of travel than as to the number of miles composing the distance. It was accordingly decided that ten days were sufficient for a notice to take depositions at the distance of fifteen hundred miles from the court, when it was shown that the entire distance could be traveled in six days. *Carlisle* v. *Tuttle*, 30 Ala., 613; Weeks's Law of Depositions, §§ 251, 270. So, too, when the usual mode of travel was by railroad, the court took judicial notice of that fact, and so, thirty-six hours being sufficient for the journey, a notice served in the state of Indiana December 23d, that depositions would be taken in New York January 1st, was held sufficient. *Hipes* v. *Cochran*, 13 Ind., 175. See also, *Manning* v. *Gash-arie*, 27 Ind., 399; Wade on Notice, § 1236. " The court is bound to take notice of public facts and geographical positions." *The Apollon*, 9 Wheat., 362. Weeks, in his Law of Depositions, § 270, says :—" The distance between the two points is only to be considered with reference to its bearing upon the question of greater importance, whether the notice is given in time to enable the party notified to be present and procure the assistance of his counsel." See also § 266; Wade on Notice, §§ 1237, 8. In *Hartley* v. *Chidester*, 36 Kan., 363, the Supreme Court lays down the rule that a notice to take depositions should allow the adverse party one day for preparation and sufficient time by the usual route of travel to attend to the taking of depositions, excluding all Sundays and the day of service of the notice. In *Egbert* v. *Citizens' Ins. Co.*, 7 Fed. Rep., 47, a notice served in St. Louis, January 26th, that depositions were to be taken in San Francisco February 14th, a period of but nineteen days, was held good. See also *Gerrish* v. *Pike*, 36 N. Hamp., 510. In *Lyon* v. *Ely*, 24 Conn., 509, depositions taken on a notice given January

25th, in Connecticut, that depositions were to be taken March 10th, in Sacramento, were admitted. Here the notice was but forty-four days to travel a distance of nearly three thousand miles, and that, too, ten years before the railroads spanned the continent, a journey of nearly one thousand miles having to be performed by stage. In the case before this court there were sixty days between the service of notice, March 18th, and the date named, May 17th, for the taking of the first depositions, while the time necessary for the journey was but twenty-nine days, leaving thirty-one days for preparation. And between the service of notice of the second set of depositions, October 18th, and the day named for the taking, November 30th, there were forty-three days, or fourteen more than was required for the journey. In scarcely any of the states does the statute law allow more than one day for preparation ; never over ten. In *Walsh* v. *Rogers*, 13 How., 286, the U. S. Supreme Court says : "Now testimony may be taken and returned from California or any part of Europe on commission in two or three months, and in any of the states east of the Rocky Mountains in two or three weeks." And in the same case the court also, in referring to the taking of *ex parte* depositions without notice under the act of 1789, when the witness resides more than one hundred miles from the place of trial, says : " This may have been necessary then." It then required nearly as much time, labor and expense to travel a hundred miles as it does now to travel a thousand miles.

2. The general rule of law contemplated that no evidence should be admitted but what was or might be under cross-examination. 1 Greenl. Ev., § 554 ; 2 Phillips on Ev., 209 ; *Cazenove* v. *Vaughan*, 1 Maule & Selw., 4. This is also the common law rule. 1 Greenl. Ev., § 320. Yet a cross-examination is not absolutely essential if a fair opportunity has been offered for such cross-examination. 1 Greenl. Ev., § 322. And in *Sharp* v. *Lockwood*, 12 Conn., 158, WAITE, J., says : " The legislature undoubtedly intended that such notice should be given as would afford a fair opportunity to cross-examine the witness." And whether the court below

drew a correct inference from all the facts presented, is a conclusion of law and one for the consideration of the appellate court. *Kimpton* v. *Glover*, 41 Verm., 283 ; Wade on Notice, § 1234. And the courts of this state have in certain cases, in the absence of proof of fraud or improper motive, gone even to the extent of admitting depositions without notice and without benefit of cross-examination. *Nichols* v. *Hillyer*, Kirby, 219 ; *Johnson* v. *Foot*, id., 283 ; *Masters* v. *Town of Warren*, 27 Conn., 299. The rule under a commission was, that when interrogatories are filed according to the rules of court, and the adverse party fails to file cross-interrogatories, the commission may be issued without them. *The Norway*, 1 Ben., 493. And without notice. *Frevall* v. *Bache*, 5 Cranch C. C., 463. The rule of the common law, as stated by Lord ELLENBOROUGH, is, that no evidence shall be admitted but what is or might be under the examination of both parties, but if the adverse party has had liberty to cross-examine and has not chosen to do so, the case is then the same in effect as if he had cross-examined, otherwise the admissibility of the evidence would be made to depend on his pleasure, whether he will cross-examine or not, which would be a most uncertain and unjust rule. *Cazenove* v. *Vaughan*, 1 Maule & S., 6 ; 2 Phillips on Ev., 213.

*H. C. Robinson* and *L. F. Robinson*, for the appellee.

ANDREWS, C. J. The plaintiffs are natives of the empire of China, resident at Shanghai, and carrying on business there as partners under the firm name of The Sing Cheong Company. The defendant, a native of China, is now a naturalized citizen of the United States and of this state. The complaint demands twenty-five thousand dollars damages. At the trial the plaintiffs offered to read certain depositions taken at Shanghai in China pursuant to a notice given to the defendant in this state. The defendant objected to the reading of these depositions on the ground that reasonable notice of the taking of the same had not been given, and also on the ground that they were not taken

before proper authority. The court held and ruled that the notice given to the defendant was not reasonable or sufficient and that no reasonable notice was given to him or his attorney of the time and place of the taking of the depositions, and excluded them from being read. To this ruling the plaintiffs duly excepted. There were two sets of depositions offered. The objection to each was the same, and the ruling thereon was the same. The assignment of error upon the ruling in each case is in the same words:—" That the court erred in excluding said depositions and in holding and ruling that the notice given to the defendant was not reasonable or sufficient and that no reasonable notice was given to the defendant or his attorney of the time and place of the taking of said depositions."

It is urged by the defendant that the question of reasonable notice, and whether or not reasonable notice had been given, is a question of fact, which has been decided by the court below and cannot be reviewed in this court. By a long usage in this state this question of reasonable notice in the taking of depositions has been treated as so allied to the rules respecting the admission and rejection of testimony that it can be reviewed in the Court of Errors. Thus in *Sharp* v. *Lockwood*, 12 Conn., 159, it was compared to the evidence by which the loss of a deed was proved in order to let in secondary evidence of its contents. The court cannot admit the secondary evidence without finding the fact of the loss. But the question respecting the loss is often reviewed by the higher courts. Similar rulings have been made in repeated cases. *Masters* v. *Town of Warren*, 27 Conn., 299; *Phelps* v. *Hunt*, 40 id., 97; *Harris's Appeal from Commissioners*, 58 id., 492. See also *Lockwood* v. *Crawford*, 18 Conn., 361, for a similar ruling as to " reasonable time."

The legislature has not deemed it necessary to prescribe what length of time before the taking of the depositions the notice must be given. It has simply directed that reasonable notice shall be given to the adverse party. Gen. Statutes, § 1068. As to what length of time shall constitute

such notice no definite rule can be laid down. Much must depend upon the circumstances of each particular case ; and something also may properly be left to the wise legal discretion of the trial court.

Upon all the facts of this case we are satisfied that the decision of the Superior Court was correct. True, taking the mere computation of time, if the defendant had started promptly on the receipt of the notice and had met with no delay, there were days enough for him to have gone from his home and reached Shanghai before the day of the taking of the deposition. But the number of days in time was only one of many considerations which it was proper for the court to take into the account. Some of the others are,— that the defendant resides in Connecticut, and is a widower with a family of small children ; that the claim made against him is a very large one, containing many items, and grew out of transactions that took place in China while the defendant was sojourning there in the years 1882 and 1883 ; that the witnesses whose depositions were taken were the plaintiffs themselves; that no attorney could properly cross-examine them without the constant personal instruction of the defendant; and that in all probability no attorney could be found in China who was acquainted with the laws and usages in the American States, and that an attorney taken from America would not be likely to understand the Chinese language.

When depositions are to be taken in this state or in any of the United States, the length of time that notice should be given before the taking in order to be a reasonable notice, can be fairly determined by the length of time required to reach the place of the taking by the ordinary modes of travel, because all the things necessary to be done by way of preparation are pretty certainly known and a proper allowance of time can be made for them. But where depositions are sought to be taken in a remote country, of a strange language and an imperfect civilization, where the legal sanctions under which testimony is taken in civilized countries are entirely unknown, to reason about time in the same way that could be done in the former case is utterly misleading.

All the analogies fail. The length of time required to reach the place of taking furnishes no safe guide for the reasonableness of the notice, because the things necessary to be done in order to be prepared for the taking are all incapable of being ascertained in advance. Other considerations than the time required for the journey there come in which may control the reasonableness of the notice. There were such other considerations in this case. The object of the statute is obviously to secure the utmost fairness and impartiality in the taking of depositions. In furtherance of that object the courts have ever been disposed to interpret it liberally, and to reject depositions which were taken contrary to the manifest spirit of the statute, although not strictly violating its letter. *Dodd* v. *Northrop*, 37 Conn., 218.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.