DROSDOWSKI *v.* SUPREME COUNCIL OF ORDER OF CHOSEN
FRIENDS.

1. MUTUAL BENEFIT SOCIETIES—AGE LIMIT—DIRECTED VERDICT—
   EVIDENCE.
   It was error for the court to direct a verdict for the plaintiff
   in an action upon a benefit certificate conceded to be void if
   the deceased was upwards of 61 years of age in 1885, when the
   certificate was issued, where the deceased's brother-in-law, an
   unwilling witness for defendant, testified that he was born
   in 1829, and that the deceased was six or seven years his
   senior.

2. DEPOSITIONS—REASONABLE NOTICE OF TAKING—ABUSE OF DIS-
   CRETION.
   It was not an abuse of discretion for the court to exclude a
   deposition taken January 14th at Indianapolis, upon the
   ground that reasonable notice of the taking of the same had
   not been given, as required by Act No. 180, Pub. Acts 1895, § 1,
   it appearing that the notice was served upon the attorney
   at Detroit, 267 miles from Indianapolis, on January 10th,
   while court was in session, and that a Sunday intervened
   between January 10th and January 14th.

3. SAME—CHURCH RECORDS—SWORN COPIES.
   A deposition showed that deponent was a minister at A., in
   East Prussia, and had custody and control of the church
   records, containing the records of those who had been chris-
   tened and confirmed in said church; that the records were
   kept according to the regulations of the royal consistory, and
   had been so kept for more than two centuries; that deponent
   had inspected such records; and that it appeared therefrom
   that one C. was baptized on March 17, 1822, when he
   was seven days old, and that he was born at G., in East
   Prussia. The deposition directed: "*Q.* If witness answers
   'Yes' to the last question [as to the inspection of the
   records], please attach here a copy, made by your own
   hand, and compared with the original by yourself, of so much
   of said records as pertains to the christening of said C., of the
   age of said C. when christened, and of the birthplace of said
   C." Following such direction was the recital, "*A.* [Copy
   attached]," and said copy recited: "According to the local

church record, it is hereby officially testified that to [a certain person] of G., * * * by his lawful wife," a child "was born on the 10th of March, 1822, who was baptized on the 17th of March of the same year, and received the name of 'C.' Evangelical Church at A., East Prussia, December 9, 1895. R., Minister. [Church Seal]." *Held,* that the record attached to the deposition was a sworn copy of the church record, and hence the deposition was admissible in evidence on the issue of C.'s age.

Error to Wayne; Hosmer, J. Submitted April 28, 1897. Decided September 14, 1897.

*Assumpsit* by Marie Drosdowski against the Supreme Council of the Order of Chosen Friends upon a benefit certificate. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Reversed.

*Dickinson, Thurber & Stevenson,* for appellant.

*Thomas Hislop,* for appellee.

Moore, J. Carl Drosdowski became a beneficiary member of defendant order in 1885. He died in 1889. His daughter, the beneficiary named in the certificate of membership, recovered a verdict for .$1,362. The jury returned this verdict by direction of the court. Defendant appeals.

The constitution and by-laws of the order were received in evidence. These show that a person upwards of 61 years of age cannot become a beneficiary member of the order, though he may become a social member of the order. The certificate of membership was received in evidence, and an attempt was made to introduce the application, but it was excluded. The certificate was issued from Germania Council, No. 68, of defendant order, which council is located at Grand Rapids. The record shows that Dr. Holden was the local examiner of that council in March, 1885, and that on the 25th of that month Carl Drosdowski was examined by the doctor for membership in that council, and that at that time the doctor was told

by Drosdowski that he was 60 years old. Frederick Reinholtz was sworn as a witness on the part of the defendant. His examination shows him anxious to help the plaintiff, and unwilling to give any testimony that would aid the defendant. He testified that he was a brother-in-law of the deceased, Drosdowski; that he first knew him in Germany; that witness was born August 30, 1829; and he testified at one time, when he was on the witness stand, that Drosdowski was 6 years older than he, and at another time he testified that Drosdowski was 7 years older, and that he was so told by Drosdowski when he became his brother-in-law, which was, according to the statement of the witness, more than 40 years before the time he was testifying. In view of this testimony, we think the court erred in taking the case from the jury; and, as a new trial will be ordered, other questions call for discussion.

The deposition of Mr. Linn, taken in Indianapolis January 14, 1896, was offered in evidence. This suit was commenced in 1891. The notice to take Mr. Linn's testimony came to Mr. Hislop at Detroit January 10th. Indianapolis is 267 miles from Detroit. Court was in session in Detroit. One Sunday intervened between January 10th and January 14th. On the return of the deposition, Mr. Hislop objected to it, because reasonable notice had not been given. The court refused to receive the deposition. It is said this is error.

The deposition was taken under the provisions of section 1, Act No. 180, Pub. Acts 1895, which provides that reasonable notice must first be given in writing of the taking of a deposition. This law had been in effect but a short time when the deposition was taken. Prior to the enactment of this law, the statute required 20 days' notice for more than 240 miles of travel. Where the statute provides for reasonable notice, the court must decide, in a given case, whether the notice required by the statute has been given, and in coming to a conclusion must be governed somewhat by the circumstances surrounding the

case. The circuit judge knew better about the surroundings of this case than we do. We are not prepared to say that the court erred in refusing to receive this deposition. Weeks, Dep. § 270; Wade, Notice, § 1234; *Harris* v. *Brown*, 63 Me. 51; *Sing Cheong Co.* v. *Yung Wing*, 59 Conn. 535; *Harris' Appeal*, 58 Conn. 492.

Two depositions in relation to the contents of church records in Germany were offered and rejected. It will be necessary to consider but one of these, as they are so near alike. It was admitted the depositions were properly taken and sworn to. Objection was made to their substance. The trial court based his refusal to receive these depositions upon the case of *Tessmann* v. *United Friends*, 103 Mich. 185. The deposition of Rogowski showed that he was a minister at Alt Christburg, and had custody and control of the church records, which contain the records of those who have been christened and confirmed in the church of which he was minister; that the records are kept according to the regulations of the royal consistory, and have been so kept since 1661.

"*Q.* Have you inspected the records of the church at Christburg, West Prussia, for the purpose of ascertaining (a) what they contain relative to the time that one Carl Drosdowski was christened; (b) what the said records state the age of said Drosdowski to be at the time that he was christened; and (c) what said records state the birthplace of said Carl Drosdowski to be?

"*A.* I have examined the archives of the church at Alt Christburg, East Prussia. (a) Carl Drosdowski is baptized on March 17, 1822; (b) seven days; (c) Goerken, in the district of Mohrungen, East Prussia.

"*Q.* If witness answers 'Yes' to the last question, please attach here a copy, made by your own hand, and compared with the original by yourself, of so much of said records as pertains to the christening of said Carl Drosdowski, of the age of said Carl Drosdowski when christened, and of the birthplace of said Carl Drosdowski.

"*A.* [Copy attached.] 'According to the local church record, it is hereby officially testified that to Christina Drosdowski, of Goerken, in the district of Mohrungen, East Prussia, by his lawful wife, Gottliebe, née Chorou-

gewke, a son was born on the tenth (10) of March, 1822 (eighteen hundred and twenty-two), who was baptized on the seventeenth of March of the same year, and received the name of "Carl."

"'Evangelical Church at Alt Christburg, East Prussia, December 9, 1895.

"'ROGOWSKI, Minister.'"          [Church Seal.]

We think the court erred in thinking the case of *Tessmann* v. *United Friends, supra*, justified the exclusion of these depositions. In the *Tessmann Case*, the papers which were offered were neither sworn nor certified copies of the entries in the books, but were simple assertions that a certain fact was shown by the register of the parish. A fair construction of the language used in the depositions in this case is that the record attached to the depositions is a sworn copy of the church record. We think they should have been received as evidence. *Hunt* v. *Order of Chosen Friends*, 64 Mich. 671 (8 Am. St. Rep. 855).

Judgment is reversed, and new trial ordered.

The other Justices concurred.