McCALL CO. v. JACOBSON.

139   455;
148  ¹560|

1. SALES — CONTRACTS — ENFORCEMENT — ACTIONS — BURDEN OF PROOF.
    In an action by the seller to enforce a contract for the sale of goods the burden is on plaintiff to show that the goods tendered complied with the contract.

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—DISCRETIONARY QUESTIONS.
    Where there are no circumstances better known to the trial court than to this court, it is the duty of this court to review a decision that a notice to take depositions was insufficient.

3. DEPOSITIONS—NOTICE TO TAKE—SUFFICIENCY.
    Four full secular days' notice at Reed City to take depositions at Cleveland, Ohio, is sufficient.

4. SAME—FILING—TIME.
    The statute (§ 10139, 3 Comp. Laws) requiring certain objections to depositions to be made within three days after they are filed in the case does not require that they be on file three days before being used.

Error to Osceola; McAlvay, J. Submitted February 17, 1905. (Docket No. 182.) Decided March 21, 1905.

Assumpsit by the McCall Company against Moses I. Jacobson and others for goods sold and delivered. There was judgment for plaintiff, and defendants bring error. Reversed.

*Charles A. Withey* (*C. H. Rose* and *J. E. Richardson*, of counsel), for appellants.

*B. N. Savidge*, for appellee.

CARPENTER, J. Plaintiff and defendants entered into a contract whereby the former agreed to sell, and the lat-

ter to buy, certain paper patterns, fashion sheets, and fashion magazines. Defendants refused to accept the goods tendered by plaintiff. Plaintiff thereupon brought this suit. The controversy turned upon the question whether the goods tendered and refused complied with the contract. The issue was left to a jury, who found for the plaintiff. Defendants ask us to reverse the judgment entered on said verdict, on grounds which will appear in this opinion.

The trial court, acting under the mistaken belief that this case was governed by the principle of law applicable when one asserts a failure of consideration (see *Bulen* v. *Granger*, 58 Mich. 274), charged the jury that the burden rested upon defendants to prove that the goods tendered did not comply with the contract. This was clearly erroneous. It was an essential part of plaintiff's case to prove that the goods tendered complied with the contract. See *Simons* v. *Paper Co.*, 77 Mich. 185; *Stahelin* v. *Sowle*, 87 Mich. 134.

It is claimed that the trial court erred in refusing to permit defendants to read on the trial a deposition of Alice Lusk. In support of the ruling of the trial judge, it is urged that the deposition was inadmissible on two grounds: *First*, that the notice under which it was taken was insufficient, being unreasonably short; *second*, that the deposition was not on file for three days before the commencement of the trial.

*First.* As to the sufficiency of the notice: The deposition was taken in Cleveland, Ohio, March 18, 1904. Proper notice that it would be so taken was served on plaintiff's counsel, in Reed City, in this State, March 14th. The days between March 14th and March 18th were all secular. To excuse taking this deposition on the eve of the trial—the trial commenced March 21st—defendants' counsel offered to show that the whereabouts of the witness was not ascertained until just before the notice was given. It is to be assumed from the record that, at the time this notice was given, plaintiff's counsel made no objection to its sufficiency, and did nothing at that time to apprise de-

fendants' counsel that he would thereafter claim that it was insufficient. The sufficiency of this notice depends upon the proper construction of the following portion of section 10136, 3 Comp. Laws:

"Reasonable notice must first be given in writing by the party   *   *   *   proposing to take such deposition, to the opposite party or his attorney of record."

This is a comparatively new statute in this State, having been adopted in 1895 (see *Drosdowski* v. *Order of Chosen Friends*, 114 Mich. 180); but before we adopted it it was an old statute in other States, and had been judicially construed.

As it is idle to consider what constitutes reasonable notice, under this statute, unless we have a right to review the decision of the trial court, we must first determine whether or not we have that right. While in these cases "something may properly be left to the wise legal discretion of the trial court" (see *Sing Cheong Co.* v. *Yung Wing*, 59 Conn. 535; *Harris' Appeal*, 58 Conn. 492)— that is, as I understand it, this court will not review decisions of the trial court as to the sufficiency of the notice, in so far as they rest upon facts and circumstances known to the trial judge and not known to the appellate tribunal —(see *Drosdowski* v. *Order of Chosen Friends*, supra), it is settled that, as a general proposition, the decisions of a trial court as to what constitutes a sufficient notice are reviewable by an appellate court (see *Sing Cheong Co.* v. *Yung Wing*, supra; *McGinnis* v. *Washington Hall Ass'n*, 12 Grat. [Va.] 602; *Trevelyan's Adm'r* v. *Lofft*, 83 Va. 146; *American Exchange Nat. Bank* v. *First Nat. Bank*, 27 C. C. A. 277; *Carlisle* v. *Tuttle*, 30 Ala. 613; *Hipes* v. *Cochran*, 13 Ind. 175; *Manning* v. *Gasharie*, 27 Ind. 399). This accords with sound reason. Otherwise a statute of the State which it must be presumed was intended to establish a uniform practice has possibly established a different practice in each of our many courts, if not in each case tried in those courts. As there were

not in this case, as in *Drosdowski* v. *Order of Chosen Friends*, supra, any circumstances better known to the trial judge than to this court, it is our duty to review the decision holding that the notice under consideration was insufficient.

"What is reasonable notice is nowhere defined in the law, and cannot well be defined, but must depend on the circumstances of each case." *McGinnis* v. *Washington Hall Ass'n*, supra. See, also, *Sing Cheong Co.* v. *Yung Wing*, and *Drosdowski* v. *Order of Chosen Friends*, supra. In determining whether notice is reasonable, courts give weight to the exigency which requires a short notice, viz., that the witness is about to leave the State. See *McGinnis* v. *Washington Hall Ass'n; Harris' Appeal*, supra. In the latter case it was intimated that the objection that the notice was insufficient was more likely to be upheld if brought to the attention of opposing counsel when the notice is served. See, also, *American Exchange Nat. Bank* v. *First Nat. Bank*, supra.

"What is reasonable notice is a question dependent upon the peculiar circumstances of each case, the principal of which are the distance, traveling conveniences, condition of the roads, and other such matters as affect the ability of the party to attend personally or by counsel, and to return in time for trial." *Trevelyan's Adm'r* v. *Lofft*, supra.

"When depositions are to be taken in this State or in any of the United States, the length of time that notice should be given before the taking, in order to be a reasonable notice, can be fairly determined by the length of time required to reach the place of the taking by the ordinary modes of travel, because all the things necessary to be done by way of preparation are pretty certainly known, and a proper allowance of time can be made for them." *Sing Cheong Co.* v. *Yung Wing*, supra.

"The chief features to be considered in determining whether a certain notice is or is not reasonable are distance, number of witnesses, and facility of communication and to obtain proper representation." *American Exchange Nat. Bank* v. *First Nat. Bank*, supra.

See, also, *Carlisle* v. *Tuttle, Hipes* v. *Cochran*, and *Manning* v. *Gasharie*, supra.

It results from these cases, and it accords with our judgment, that, as a general rule (it is possible that exceptional cases may not be within this rule), the notice of taking depositions, under our statute, is sufficiently long if it gives time to counsel to prepare for the taking, and by the ordinary means of travel to reach the place where they are to be taken. In the case at bar the notice gave counsel in Reed City four days to attend the taking of the deposition in Cleveland, Ohio. As we may take judicial notice that it takes less than 24 hours, by the ordinary means of travel, to go from Reed City to Cleveland (see *Hipes* v. *Cochran*, supra), the remaining question is whether three days was a sufficient time to prepare for the taking of the deposition. We are bound to say that it was. See *Harris' Appeal*, supra. *American Exchange Nat. Bank* v. *First Nat. Bank*, supra. We feel constrained therefore to say that the notice was reasonable.

*Second.* Was the deposition inadmissible because it had not been on file three days before it was offered in evidence? This depends upon the construction to be given the following portion of section 10139, 3 Comp Laws:

" Objections to notices of, or objections to the manner of taking the testimony, or of certifying or returning the deposition, shall be regarded as waived unless made in writing within three days after knowledge or notice of the return thereof."

This language does not require the deposition to be on file three days before it is offered in evidence. It only limits the time for taking certain objections. As this time had not elapsed, plaintiff had the right to make these objections when the deposition was offered in evidence. The construction urged by plaintiff's counsel would prevent a party litigant from availing himself of the right of taking

depositions on the eve of or during trial. This right is sometimes essential (see *Deming* v. *Foster*, 42 N. H. 165), and we cannot believe that the legislature intended to take it away. We are therefore compelled to say that the learned trial judge erred in refusing to permit defendants to read the deposition under consideration.

Defendants' brief complains of remarks of plaintiff's counsel made during his closing argument to the jury. These remarks were not justified by the testimony, but we are not sure that they were not excused by remarks of a similar character made by defendants' counsel. As the judgment is reversed for other reasons, and as it is not to be presumed that these remarks will be repeated on another trial, we do not consider it necessary to determine whether or not they constitute ground for reversal.

We find no other error in the record, and no other complaint which merits discussion.

The judgment is reversed, with costs, and a new trial ordered.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.