PRIEBE *v.* TRUDEAU

1. PLEADING—COURT RULES—DENIAL—GENERAL DENIAL.

The pleader is required by court rule to set forth the substance of the matters upon which he will rely to support every denial of a claim; following the rule would save trial time spent uselessly in adducing testimony in support of general denials (GCR 1963, 111.4).

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading §§ 190–203.
[2] 58 Am Jur, Witnesses § 676.
[3] 5 Am Jur 2d, Appeal and Error § 623.

2. WITNESSES—CREDIBILITY—CROSS-EXAMINATION.
   Cross-examination of a witness concerning the circumstances under which he left an employer and cross-examination of another witness as to "book padding" are questions directed to the credibility of the witnesses and are proper.

3. APPEAL AND ERROR—INSTRUCTIONS TO JURY—PRESERVING QUESTION.
   Failure to object to the adequacy of a requested instruction to the jury and failure to object to lack of an instruction on a point does not preserve the error for appellate review.

Appeal from Marquette, Bernard H. Davidson, J. Submitted Division 3 October 15, 1970, at Marquette. (Nocket No. 7772.) Decided January 19, 1971. Leave to appeal denied May 18, 1971. 384 Mich 841.

Complaint by Lillian Priebe, administratrix of the estate of Charlotte Priebe, against Adele V. Trudeau, administratrix of the estate of John L. Trudeau, and Trudeau Heating Company for wrongful death. Verdict and judgment of no cause of action for defendant. Plaintiff appeals. Affirmed.

*Aaron Lowenstein,* for plaintiff.

*Baldwin, Kendricks & Bordeau* (by *Joseph R. Wietek*), for defendant.

Before: FITZGERALD, P. J., and McGREGOR and O'HARA,* JJ.

O'HARA, J. On the trial by jury of this automobile negligence action, a verdict of no cause of action was returned. Plaintiff moved for a new trial. The motion was denied. The appeal is of right from the denial of the motion.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The two-car collision giving rise to the litigation was one of those tragedies that occur with increasing frequency on the highways. Five people lost their lives. Plaintiff herein is the administratrix of the estate of a deceased passenger in one of the cars. All of the occupants in both cars were killed. There were no eyewitnesses.

The cars were approaching each other on US-41. Defendant's decedent was alone in his vehicle. Plaintiff's decedent and three others were in the other car. They collided somewhere near the center line of the two-lane highway.

It was the theory of plaintiff that defendant's decedent was intoxicated and that he negligently invaded the approaching car's lane, and causally occasioned plaintiff's decedent's death. Plaintiff further claimed that the complaint as filed charged subsequent negligence and a separate count of willful and wanton misconduct. This last mentioned count was based upon the composite of the defendant's decedent's claimed actions of driving under the influence of intoxicating liquor, at an excessive and illegal rate of speed, failing to drive as close to the right side of the road as possible, and in "failing to abandon his reckless and careless manner of driving".

Defendant, *per contra,* claimed it was the operator of plaintiff's decedent's automobile who crossed the center line into the lane of defendant administratrix's decedent's lane of traffic, and that her decedent was without any negligence causally related to the death of plaintiff's decedent.

As hereinbefore noted, the jury returned a verdict of no cause of action. On appeal plaintiff's somewhat novel format of the statement of questions involved, and brief in support thereof (hardly distantly related to the rule-prescribed version), con-

tains a number of alphabetical paragraphs that could be regarded charitably as assignments of error, and a number of Roman numerical paragraphs which fall in the same category. In each of these major categories there is a composite of subdivisions that must approach half a hundred. These are variously designated by capital letters and Arabic numerals. It would be manifestly impossible to address ourselves to them separately decisionally short of devoting one volume of our reports to this case. Upon oral argument (lest we did an injustice to the plaintiff) we finally elicited the precise errors upon which counsel relies in this appeal. We list them as they were specified under our necessarily persistent bench questioning. They were:

1. An error of law based upon the time within which notices of the taking of depositions were given.

2. The refusal of the trial court to give requested instructions as to the non-imputability of the claimed negligence of decedent's driver to her.

3. A dismissal as to the second party defendant, a partnership of which the first party defendant was a partner and the later reinstatement of the partnership as a defendant.

4. A somewhat difficult-to-understand claim of the "denigrating of [plaintiff's] witnesses".

Rather than dealing with them *seriatim*, we address ourselves to 1, 3 and 4.

1. It is indisputable that the notice given as to the taking of the depositions was within the time prescribed by the court rule, GCR 1963, 302.4. *McCall Co.* v. *Jacobson* (1905), 139 Mich 455. There is no error, reversible or otherwise.

3. The complaint as filed alleged that decedent Trudeau, as an individual, owned the motor vehicle

he was driving. The total allegation as to the partnership's complicity in the action is that the certificate of title of said 1959 two-door Oldsmobile, driven by defendant's decedent, recited on its face "Trudeau Heating Company, John L. Trudeau owner".

To this allegation defendants answered:

"They deny the allegations of paragraph 6."

We have been critical of plaintiff's counsel, but neither does defendant's counsel escape all censure. It is not helpful in framing issues with precision to ignore completely the sensible requirement of GCR 1963, 111.4:

4. "Form of denials. In connection with every denial, *the pleader shall set forth the substance of the matters upon which he will rely to support such denial.*" (Emphasis supplied.)

In the case at bar the rule was neither followed nor enforced. Had it been, much of the trial time spent uselessly in adducing testimony in support of general denials would have been saved.

This is particularly true of the response to paragraph 6 of plaintiff's complaint alleging ownership of defendant's automobile. All of the Mickey Mouse concerning dropping the partnership as a party defendant and later reinstating it would have been avoided if the rule had been followed.

The order of judgment on the verdict conforms to the caption of the pleadings, and it is hard to see how plaintiff was in any manner prejudiced by what took place dependent upon the state of the proofs at a given time in the course of the trial.

4. As to this allegation of error, we have of necessity reviewed the lengthy trial transcript and we conclude that the error complained of related to

the cross-examination of a plaintiff's witness concerning the circumstances under which he left an employer and examination of another plaintiff's witness as to alleged "book padding". The questions were directed to the credibility of the witnesses and were proper cross-examination. We find no reversible error.

The substantial claim of error is bench-elicited specification no. 2, the failure to give requested instructions as to imputed negligence and subsequent negligence, or as it is sometimes called "last clear chance".

As was proper, and is required, the trial judge called counsel into chambers after he *had completed* the body of his initial instruction and inquired:

"Gentlemen, * * * are there any objections or requests for additions * * * ?"

Plaintiff's counsel replied in effect that the court omitted any instruction as to subsequent negligence. A very lengthy colloquy then took place as to whether subsequent negligence was actually pleaded, abandoned, and contained within the claims in the pre-trial summary. The trial judge, while apparently unconvinced, did give an additional instruction on the point and no later objection was made to its adequacy. We are unable to find any preserved error as to the court's failure to instruct as to the count of willful and wanton misconduct.

In finality, after the judge gave additional instructions no further objection was raised. Any error, if error there was, in this respect was waived.

The order denying the motion for a new trial is affirmed. The jury verdict abides. Costs to defendants-appellees.

All concurred.