## In re WOGAN, Petitioner.

### St. Louis Court of Appeals, December 1, 1903.

1. **CONFLICT OF LAWS: Depositions: Notice.** When depositions of witnesses are to be taken in one State to be used in a case pending in another State, the sufficiency of the notice to take the same is determined by the law of the State in which the case is pending and not the law of the State in which the depositions are taken.

2. ———: ———: **Judicial Process.** Where, in a case pending in another State, due notice has been served to take depositions in this State, and the notary before whom they are to be taken finds that such depositions are to be taken in good faith, it is no abuse of the judicial process for such notary to compel the attendance of a witness and commit him for failure to answer questions.

3. ———: ———: **Notary.** It is proper for a notary in this State, before whom depositions are to be taken, to be used in evidence in a case pending in another State, to continue the taking of such depositions until such time as the opposite party, whose deposition is to be taken, can procure the presence of his attorney of record.

Petition for Writ of Habeas Corpus.

Prisoner remanded.

*J. D. Barnett* for petitioner.

Cited In re Davis, 38 Kan. 408; In re Cubberly, 39 Kan. 291; In re Huron, 48 Pac. 575; Church on Habeas Corpus (2 Ed. 1893), sec. 327, and cases cited; In re Hackney, 24 N. Y. 74; Ex parte Fish, 113 U. S. 713; Church on Habeas Corpus (2 Ed. 1893), sec. 319, p. 448; Ex parte Krieger, 7 Mo. App. 367.

BLAND, P. J.—M. A. Wogan, petitioner herein, brought his civil action in the district court of Pottawatomie county, Territory of Oklahoma, against Annie

and W. F. Callahan, to recover certain real estate described in the complaint. Prior to October 17th it was agreed by and between the attorneys of the respective parties to the suit, that the cause should be set down for hearing on some day, to be designated by the court, during the month of December, 1903. It is shown that Wogan intended to be present at the trial and that his presence is necessary to enable his attorney to properly prosecute his suit.

Wogan resides about eight miles from the city of Montgomery, in the county of Montgomery, in the State of Missouri. The attorney of the Callahans came from Oklahoma to Missouri and had served on Wogan, at his home in Montgomery county, a notice that the Callahans would, on the nineteenth day of November, at the city of Montgomery, county of Montgomery, State of Missouri, take depositions before W. C. Hughes, a notary public to be used as evidence in the case of M. A. Wogan v. Annie and W. F. Callahan, in the district court of Pottawatomie county, Territory of Oklahoma. The notice was served on Wogan on the seventeenth day of October, and on the same day a subpoena was served on him to appear before the notary public as a witness in said cause. Wogan communicated by wire with his attorney, who resides in Enid, Oklahoma, and was advised by him not to testify before the notary, as the proceeding was not lawful. He appeared, however, before the notary and was sworn as a witness. In answer to preliminary questions propounded by a local attorney whom he procured (Judge Barnett) he stated he intended to be present at the trial in Pottawatomie county in December, 1903, and had made his arrangements to go there and would be present at the trial to testify, and that his presence was necessary to enable his attorney to properly try the case. After so stating he refused to further depose for the following reasons: first, that no notice of the taking of the depositions had been served on his attorney; second, the notice served on him is in-

sufficient in time, under the laws of Oklahoma and under the laws of the State of Missouri; that he is plaintiff in the case and that his deposition could not lawfully be taken in Missouri in a cause pending in Oklahoma; that no commission had issued authorizing a deposition by a court having jurisdiction; third, that the deposition was not attempted to be taken in good faith, but merely to "fish" out in advance what the testimony would be; and fourth, that his attorney had advised him not to testify before the notary. These objections were deemed insufficient by the notary, and Wogan was required to answer interrogatories propounded to him as a witness by the attorney of the Callahans. He refused to answer these interrogatories and was thereupon duly committed to jail by the notary for contempt in refusing to testify as a witness. To regain his liberty, he has petitioned this court for a writ of habeas corpus. The writ was duly issued and served on the sheriff, and ex officio jailer of Montgomery county, in whose custody Wogan is. The sheriff has made a return to the writ, showing that Wogan is held in custody by virtue of the commitment issued by the notary public and by a re-commitment ordered by the judge of the circuit court of Montgomery county on a hearing before him of a writ of habeas corpus sued out by Wogan.

The laws of the Territory of Oklahoma provide that depositions of witnesses may be taken "when the witness does not reside in the county where the action or proceeding is pending" (sec. 358, Statutes of 1893, p. 821); "that depositions may be taken out of the Territory by a judge . . . notary public," etc. (sec. 361, Statutes of 1893, p. 822); "that prior to the taking of any deposition, unless taken under special commission, a written notice specifying . . . shall be served upon the adverse party, his agent or attorney of record, or left at his usual place of abode. The notice shall be served so as to allow the adverse party sufficient time by the usual route of travel to attend and

one day for preparation, exclusive of Sunday'' (sec. 364, Statutes of 1893, p. 822). By section 372, Statutes of 1893, p. 822, it is provided that when a deposition is offered to be read in evidence, it must appear to the satisfaction of the. court that for any cause specified in section 358, the attendance of the witness can not be procured. By section 331, of said Statutes, it is provided that ''no person shall be disqualified as a witness by any civil action or proceeding or by reason of his interest or his being a party or otherwise,' etc. From the foregoing excerpts from the sections of the Statutes of Oklahoma, it will be seen that Wogan is a competent witness; that the notice to take depositions was properly served upon him, he being the plaintiff in the case and was sufficient in time to authorize the notary to take depositions under the laws of Oklahoma.

1.   It is contended by the petitioner that the law of Missouri, in respect to the time of the notice, should be followed and complied with as the depositions were to be taken in this State, and that the notice was one day short under the Missouri law. The deposition was not to be used in any court in Missouri, but in a district court in the Territory of Oklahoma and would be available as evidence if taken in pursuance of the laws of that Territory and they, not the laws of Missouri, control in respect to the taking of depositions and all proceedings before or after their taking, for the laws of Missouri have no extraterritorial force and have no application whatever to the manner of taking depositions to be used in evidence in a foreign jurisdiction. The laws of Oklahoma authorize notary publics, of this State and other States, to take depositions to be used in courts of that Territory. It is a universal practice, which grew out of the civil law, to take depositions in a foreign jurisdiction on a dedimus or commission, issued by the court where the suit is pending, authorizing some officer or designated person in the foreign jurisdiction to take depositions of witnesses residing in the foreign jurisdiction to be used

as evidence in the jurisdiction from which the dedimus issued. This procedure has been simplified by statutory enactments in most of the States and Territories so as to allow the taking of depositions of witnesses in a sister State or Territory before some officer empowered by the statutes of the State where the suit is pending to take depositions, by merely giving a written notice of the time and place, etc., of taking such depositions, thus dispensing with the commission and interrogatories usually attached thereto.

2. The attorney of the Callahans, without giving notice to Wogan's attorney of record in Oklahoma, came to Montgomery City, Missouri, and there served notice on Wogan to take depositions and made the notice so short that it was impossible for his attorney to reach Montgomery City to be present at the taking of the depositions. This conduct has the appearance of a desire on the part of the attorney of the Callahans, to gain an undue advantage by taking the deposition of Wogan in the absence of his attorney, but it is not conclusive that the attorney of the Callahans was acting in bad faith. He declared before the notary that his object in taking the deposition was to secure Wogan's evidence to use at the trial, and the notary found that the effort to take the deposition was in good faith; if it was in good faith, then there was no abuse of judicial process and the remarks of Judge MACFARLANE, in Matthews v. Railroad, 142 Mo. l. c. 669, and the cases of In re Davis, 38 Kan. 408, and In re Cubberly, 39 Kan. 291, cited and relied on by the petitioner, are not in point. It was competent, under the laws of the Territory of Oklahoma, for the Callahans to take the deposition of Wogan, the adverse party, he being a resident of the State of Missouri, and it may be that their defense to the action pending in the district court of Oklahoma, rests principally upon his evidence, hence, the court ought not to interfere to prevent the taking of his deposition, unless it is *manifest* that judicial process is being

abused. It is not so manifested in this case and the notary and the judge of the circuit court both found that the effort to take the deposition of Wogan was made in good faith. We think, however, if Wogan desires the presence of his attorney of record at the taking of his deposition, the notary should continue the taking of the same for a sufficient number of days to enable his attorney to come from Oklahoma to Montgomery City. The petitioner is remanded to the custody of the sheriff, and ex officio jailer of Montgomery county, Missouri. *Reyburn* and *Goode, JJ.,* concur.