JONES v. ILLINOIS CENT. R. CO. et al.

(District Court, S. D. Mississippi, Jackson Division. September 25, 1919.)

No. 6739.

Depositions ⬥�longdashed⟩56(4)—Suppressed for Insufficiency of Notice.

　　Two depositions of plaintiff in an action in Mississippi, taken at El Paso, Tex., suppressed for want of sufficient notice, either under Rev. St. § 863 (Comp. St. § 1472), requiring "reasonable notice," or under Code Miss. 1906, § 1927, requiring 10 days' notice; the first having been taken on 2 days', and the second on four days', notice.

At Law. Action by R. L. Jones against the Illinois Central Railroad Company and the Pullman Company. On motions of defendants to suppress depositions. Motions sustained.

R. H. & J. H. Thompson and Wells, May & Sanders, all of Jackson, Miss., for movants.

J. W. Cassedy, of Brookhaven, Miss., and L. M. Burch, of Jackson, Miss., contra.

HOLMES, District Judge. The issues in this case having been made up, the plaintiff's attorneys took two depositions of the plaintiff himself, and the motions of the defendants are to suppress them. There are several reasons why these depositions should be suppressed, but the principal and insuperable defect which pertains to both of them is the unreasonably inadequate notice under which they were taken.

The record discloses that the first deposition was taken on May 2, 1918, in El Paso, Tex., pursuant to notice given attorneys for defendants in Jackson, Miss., on the 30th of April, 1918; a commission to take this deposition having been issued by the clerk on the same day the notice was served, thereby depriving defendants of an opportunity to file cross-interrogatories to accompany the commission.

Without explanation, a second deposition of the same witness was taken on May 7, 1918, pursuant to a similar notice given on May 3, 1918, which informed defendants' attorneys that the commission would be issued the next day. The notice to take the first deposition was not withdrawn, modified, or referred to in the notice to take the second.

It is clear that in ordinary circumstances the notice given in each instance was wholly insufficient; but it is contended that the emergency of the witness being upon his deathbed authorized the depositions to be taken upon a shorter notice than is ordinarily required. The right to take the deposition of a witness is not of common-law origin, but is purely statutory. We must therefore look to the statutes for both the source and limit of the grant of authority to take depositions in this case.

The federal act is found in Revised Statutes U. S. § 863 (Compiled Statutes, § 1472). It requires "reasonable notice" in all cases, except, whenever the giving of such notice is impracticable, "it shall be lawful to take such deposition as there shall be urgent necessity for taking, upon such notice as any judge authorized to hold courts in such circuit or district shall think reasonable and direct." The notice given in this case was unreasonably short, unless there was "urgent necessity," in which case the plaintiff should have applied to a Circuit or District Judge of the United States to direct what would be a reasonable notice under the special circumstances. This was not done.

It is, however, provided by Act March 9, 1892, c. 14, 27 Stat. 7 (Compiled Statutes, § 1476), that:

"In addition to the mode of taking the depositions of witnesses in causes pending at law or equity in the District and Circuit Courts of the United States, it shall be lawful to take the depositions or testimony of witnesses in the mode prescribed by the laws of the state in which the courts are held."

Under the laws of Mississippi, provision for taking depositions of witnesses is made by sections 1927 and 1928 of the Code of 1906; the former section applying to "witnesses in this state," and the latter to "any witness absent from or residing out of the state." Under both sections 10 days' notice is required; but under section 1927, which applies only to depositions of witnesses in this state, in cases of emergency, to be expressed in the notice, shorter notice shall be sufficient.

Both of these depositions were of a witness absent from the state, and in such cases the requirement of 10 days' notice is absolute and mandatory, without any provision for a shorter notice in cases of emergency. The 10 days' notice was not given, and therefore the depositions were not taken "in the mode prescribed by the laws of the state."

It is therefore apparent that neither the state nor federal statutes can be invoked in support of either deposition, and the motions to suppress will be sustained.