LEE R. HARDWICK v. KANSAS CITY GAS COMPANY, a Corporation, Appellant.—No. 38608.—180 S. W. (2d) 670.

Division Two, March 6, 1944.

Motion for Rehearing or to Transfer to Banc Overruled, June 5, 1944.

*Charles M. Miller* for appellant.

988

*William G. Boatright* for respondent.

BOHLING, C.—Lee R. Hardwick prosecuted this action against the Kansas City Gas Company, a corporation, and the Metropolitan Life Insurance Company, a corporation, on account of the death of Margaret T. Hardwick, his wife, in front of the Grand avenue entrance to the Grand Avenue Temple building, Kansas City, Missouri, at about 5:25 P. M. on November 17, 1939, while she was waiting for him on the sidewalk. A natural gas explosion, ignited by a match struck in the basement of the building by an elevator boy searching for a dropped coin, hurled Mrs. Hardwick and concrete blocks torn out of the sidewalk into the air and she fell into the basement. She died from the injuries received a few hours later. The jury returned a verdict for $10,000 in favor of the plaintiff and against the Gas Company and also in favor of defendant Life Insurance Company. The Gas Company appealed. There is no contention that plaintiff failed to make a submissible case. The Gas Company alleges error in the admission of certain depositions, the giving of two instructions, and the refusal of a verdict first returned by the jury.

It was plaintiff's theory that the Gas Company buried and maintained its gas main in Grand avenue at an unsafe depth, say 10 to 15 inches below the base of the street pavement; that it had broken as

a result of vibrations and concussions caused by vehicles passing over it, and that the gas, released under pressure, followed the excavation for said gas main until it reached a lead-in pipe to the building and thence along said pipe and into the building, where it pocketed in explosive quantities in the basement of the building. Plaintiff's theory with respect to the Life Insurance Company was that it was the owner and operator of the building and that the gas had been escaping into and accumulating in the basement for such a length of time as to have permitted of its discovery and dissipation in time to have prevented the explosion.

The trial of this case commenced May 18, 1942, and ended June 5, 1942. Most of the time was consumed by defendants, each of whom admitted plaintiff's right to recover and endeavored to throw the blame upon the other. The action was instituted August 21, 1940, and in February, 1942, was set for March 23, 1942. On March 20, 1942, counsel for defendant Gas Company was served with notice on behalf of defendant Life Insurance Company to call up for hearing on March 21, 1942, its motion to shorten the time for the giving of notice to take the deposition of witnesses in Dallas, Texas, and Tampa, Florida, on the stated ground the statutory allowed time would not permit movant "to take the depositions of said witnesses before the case is reached for trial," asking the court to fix "the time for taking said deposition in Dallas, Texas, on March 27, 1942," and "the time for taking the deposition in Tampa, Florida, on March 31, 1942."* Section 1930, R. S. 1939, provides for the shortening of the time (see Sec. 1929) for taking depositions out of the state "upon application of the party desiring it, with due notice of such application to the opposite party or his attorney; and notice of taking depositions, given for such time as shall be designated by the court or judge, shall in all such cases be sufficient."

Plaintiff answers defendant Gas Company's contentions on their merits. We understand ▮▮▮ he does not take the position that the discretion to be exercised by trial courts under Section 1930 is not reviewable. See Industrial Acceptance Corp. v. Webb (Mo. App.), 287 S. W. 657, 659[6].

---

*The material portions of said motion stated that the cases in the caption were "on the trial list and awaiting trial and the case of Lee Hardwick v. Kansas City Gas Company and Metropolitan Life Insurance Company *is set for trial*, and to properly prepare for the trial of *this* case and properly try *this* case, it is necessary for this defendant to obtain the deposition of two witnesses, [one at Dallas, Texas; the other at Tampa, Florida]. This defendant states that the time allowed by statute for the giving of notice to take depositions will not permit the defendant to take the deposition of said witnesses *before the case is reached for trial*, and therefore, the defendant respectfully prays the court [to shorten the time for giving notice and] to fix the time for taking said deposition in Dallas, Texas, on March 27, 1942, and the time for taking the deposition in Tampa, Florida, on March 31, 1942, in all of the above named cases." (Italics ours.)

We limit our discussion of the several subdivisions of appellant's assignments to the point that there was no evidence supporting the shortening of the time to take the depositions and no emergency therefor shown.

To properly grasp the situation we mention as a foreword that the record indicates there were at least ten actions pending against defendant Gas Company arising out of the occurrence. In one action the Metropolitan Life Insurance Company was plaintiff but in the other nine it was a codefendant with the Gas Company. The court sustained, according to the record, the motion of the Metropolitan Life Insurance Company in five of the cases (including the instant case) and of the "plaintiff" in five of the cases (including the case wherein the Metropolitan Life Insurance Company was plaintiff) to shorten the time for notice to take depositions. The deposition of Ralph Bohny, taken in Dallas, Texas, on March 27, 1942, and read in evidence by plaintiff Hardwick carried the caption of the ten cases.

At the hearing on said motion the court was informed that "all the plaintiffs" had agreed to the motion but that defendant Gas Company objected. Thereupon the attorney for the Gas Company was sworn as a witness. He testified, among other things, that the attorney for movant Life Insurance Company informed him two or three months before that these witnesses were in the Army and that movant was not going to be able to try the cases; that movant had done nothing to take their depositions; that the cases were too important to trust to a letter to some local counsel for the taking of the depositions; that he hoped to be present at the taking of the depositions; that "this is a serious matter," indicating that the action of the Life Insurance Company against the Gas Company was the "main case"; that (quoting:) "Your honor knows that I have cases set in this court for next Monday and right along, and that I cannot spare the time to get away for a week or ten days, and it will delay your docket here. Now those are facts that I am putting in the record here which your honor well knows". And, with respect to counsel for "plaintiffs" agreeing to shortening the time: "He has got nothing to lose. He has got two defendants sued and it is a fight between them." There is an admission in the record that counsel for the Gas Company had cases set.

The court took the motion under advisement and thereafter on March 24, 1942, the day following the date the instant case was set for trial, made an order sustaining the motions aforesaid in all ten cases. In each instance the defendant Gas Company excepted. On March 28, 1942, defendant Gas Company filed a motion to set aside the order shortening the time to take depositions. On May 2, 1942, defendant Gas Company filed separate motions to suppress the depositions in the instant and the other cases. These motions were overruled on May 16, 1942, the Gas Company excepting. When the deposi-

tions were offered in evidence (plaintiff offering the one taken at Dallas and the Life Insurance Company offering the one taken at Tampa) objections were renewed and exceptions saved to their admission in evidence. The gist of this testimony was to the effect that the gas causing the explosion had escaped from defendant Gas Company's main in Grand avenue. No issue of waiver by the Gas Company is involved.

The instant application, from its nature, called for facts dehors the record. The application was contested. It was not supported by affidavits. The Life Insurance Company was the applicant. It had the affirmative; the burden of proof. Its application did not prove itself. Hurst Automatic Switch & Signal Co. v. Trust Co. of St. Louis County (Mo. App.), 5 S. W. 2d 3, 4[3]; Orlando v. Surwald (Mo. App.), 47 S. W. 2d 228, 229[5]; Bullock v. B. R. Electric Supply Co., 227 Mo. App. 1010, 1014, 60 S. W. 2d 733, 735[6]. The request on March 21st to take depositions on March 27th (or thereafter) in a case set for March 23rd exploded the stated emergency for taking the depositions "before the case is reached for trial." Sustaining movant's application on March 24th, the day following the date set for trial, destroyed the pleaded emergency existing as of March 23rd, the then trial date. The case did not proceed to trial until May 18th, more than seven weeks after the determination of the application. Although the testimony of defendant Gas Company's counsel stands uncontroverted and was at least in part admitted to be facts, the court sustained the motion without a scintilla of evidence in support thereof and upon a record which destroyed the stated ground for relief. It is not the weakness of a defense but the strength of the issue that sustains an affirmative finding for one having the burden of proof. If the Gas Company's evidence was not believed, surely we should not hold it established just the exact opposite as a fact. The scintilla of evidence rule does not hold in Missouri. Wallingford v. Terminal Rd. Ass'n, 337 Mo. 1147, 1159, 88 S. W. 2d 361, 366[6]; State v. Gregory, 339 Mo. 133, 141, 96 S. W. 2d 47, 51. The terms sufficient and insufficient as applied to evidence imply some evidence. Sufficient connotes more than insufficient evidence, and insufficient evidence covers evidence falling just short of the amount required for sufficient evidence to any lesser amount, but still implies some evidence no matter how slight and unsatisfactory. Here, we have no evidence in support of the application. In holding that no case was made because the witness was incompetent and unreliable on account of not understanding the nature of an oath, State v. Jackson, 318 Mo. 1149, 1154, 2 S. W. 2d 758, 760[1], stated: "A judgment cannot be based upon testimony produced by a witness who is not put under the pains and penalties of perjury. The party affected by the testimony has a right to that assurance that his rights are not jeopardized by reckless statements." Unsworn remarks of counsel in opening statements, during the course of trials or in arguments are not evi-

dence of the facts asserted. State v. Salisbury (Mo.), 43 S. W. 2d 1021, 1024[3]; State v. Duncan, 116 Mo. 288, 308(IV), 22 S. W. 699, 704(4); Re Eakins' Est., 64 Mont. 84, 208 Pac. 956, 959[4]; State v. Lowry, 42 W. Va. 205, 24 S. E. 561, 562; Cauble v. Key (Tex. Civ. App.), 256 S. W. 654, 655[1]. Implicit in the statutory requirements for notice is a reasonable opportunity to the litigant receiving notice for the protection of his interests at the taking of the depositions. Among the factors for determining an application addressed to the discretion of the court for shortening the statutory prescribed time in a given case are the time available, the importance of the case (or cases), the state of its preparation for trial, the diligence of the applicant, the number of witnesses to be examined, the materiality of their testimony, the distance and facilities for travel or arrangement for local counsel, the reasonableness of the opportunity for conference between client and attorney in the preparation for cross-examination, et cetera. In re Wogan, 103 Mo. App. 146, 151, 77 S. W. 490, 492; Jesse v. Kansas City Rys. Co. (Mo. App.), 238 S. W. 138, 140[4]; Jones v. Illinois Central Rd. Co., 260 Fed. 488; Barrell v. Simonton, 2 F. Cas. No. 1042, 3 Cranch C. C. 681; Henthorn v. Doe, 1 Blackford (Ind.), 157, 159; Sing Cheong Co. v. Yung Wing, 59 Conn. 535, 22 Atl. 289. Neither litigant controls the other. The notified litigant is entitled to have his interests duly considered. From what has been said, the action of the court in shortening the time for the taking of the depositions in the instant case was unreasonable and arbitrary upon the facts adduced and an abuse of sound judicial discretion.

It is regretted that matters of this nature are permitted to arise (apparently somewhat inadvertently in the instant case) to delay final adjudications. However, the right of a litigant to cross-examine witnesses is of prime importance to the litigant, the jury, and the court in the administration of impartial justice. Ofttimes it is the only means afforded a litigant for protecting his interest against a witness who is careless, reckless, or extravagant in his statements.

Other issues presented need not arise upon a retrial.

The judgment is reversed and the cause is remanded. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.