Steve THOMPSON, Plaintiff-Respondent,

v.

BI–STATE TRANSIT SYSTEM, INC., a Corporation, Defendant-Appellant.

No. 33342.

St. Louis Court of Appeals, Missouri.

July 28, 1970.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 19, 1970.

John A. Walsh, Jr., St. Louis, for defendant-appellant.

William R. Gartenberg, Theodore D. Ponfil, St. Louis, for plaintiff-respondent.

DOERNER, Commissioner.

Defendant appeals from a verdict and judgment for plaintiff in the amount of $2500 in this action for damages which arose out of a collision between defendant's motor bus and an automobile owned and operated by plaintiff.

No claim is made by defendant that plaintiff failed to make a submissible case, and in view of the points relied on an extended statement of the facts is unnecessary. Plaintiff's version of the occurrence, obviously accepted as true by the jury, was that on October 8, 1966, he drove his car northwardly in the middle of the three northbound lanes on Kingshighway Boulevard, in the City of St. Louis, Missouri; that defendant's motor bus was stopped in the curb lane at a loading zone located just south of Maple Avenue; and that plaintiff's automobile was almost past the motor bus when the bus was started up and struck the right rear bumper and fender of plaintiff's vehicle, resulting in the injuries to plaintiff of which he complained.

Defendant's first point involves an evidentiary ruling by the court. In the course of outlining in his opening statement what he expected his evidence to be, plaintiff's counsel stated, without any objection being made, that it would show that when the police came to the scene of the accident the operator of the motor bus refused to make a statement. However, no reference of

any kind was made to that subject during the presentation of plaintiff's evidence. Thereafter defendant called its bus driver, John Black, as a witness and in the course of his direct examination defendant's counsel asked Black whether he had made a statement to the police about what had happened. Black answered that he had not. Defendant's counsel next inquired, "Why is that, sir?" whereupon plaintiff objected that Black's reason for not making a statement to the police would be self-serving. The court sustained the objection, and defendant's counsel then made an offer of proof that, if permitted, Black would testify that the reason he did not make a statement to the police was because of the defendant's policy which forbade a bus operator from making any statement to anyone, including the police, at the scene of an accident. Defendant now maintains that the court erred in sustaining the plaintiff's objection.

 The primary purpose of an opening statement is to inform the judge and the jury in a general way of the nature of the action so as to enable them to understand the case and to appreciate the significance of the evidence as it is presented. Hays v. Missouri Pacific R.R. Co., Mo., 304 S.W. 2d 800; Eddings v. Keller, Mo., 400 S.W. 2d 165. But unsworn statements made by counsel, in voir dire examination or opening statement, where they do not constitute judicial admissions, are not evidence of the facts asserted. Davis v. City of Independence, Mo., 404 S.W.2d 718; Hardwick v. Kansas City Gas Co., 352 Mo. 986, 180 S.W. 2d 670; State of Missouri ex rel. Horn v. Randall, Mo.App., 275 S.W.2d 758. The record shows that after the jury had been impaneled and sworn the court, in compliance with MAI 2.01, properly instructed the jury that, "Opening statements * * * are not evidence" and that " 'The evidence which you are to consider consists of the testimony of witnesses and the exhibits admitted in evidence. * * * ' " As stated, during the presentation of plaintiff's evidence no reference of any kind was made to Black's refusal to make a statement to

the police. Had the matter been allowed to remain in that posture any reference by plaintiff to the subject in his closing argument would have been improper, Davis v. City of Independence, supra, and defendant would have been entitled to point out in its closing argument, if it was so inclined, that plaintiff in that respect had failed to prove what plaintiff had stated he expected to prove. Or, had defendant waited until plaintiff cross-examined Black, and plaintiff had taxed Black with his refusal to make a statement to the police, defendant would then have been entitled to develop from Black the latter's reason for his refusal. That was precisely the situation which arose in Conley v. Lafayette Motor Car Co., 204 Mo.App. 37, 221 S.W. 165, upon which defendant relies. Here, however, defendant voluntarily introduced such evidence, which after all was neither material or relevant to the issues in the case. Whether Black refused to make a statement, and his reason therefor, was a collateral matter in which the trial court has a large discretion, Boehmer v. Boggiano, Mo., 412 S.W.2d 103, and under the peculiar circumstances of this case we cannot say that the trial court abused its discretion. Defendant also complains as to the grounds of plaintiff's objection, but since the evidence was properly excluded as irrelevant the form of the objection is not grounds for relief. Sorrell v. Hudson, Mo., 335 S.W.2d 1; Eller v. Crowell, Mo., 238 S.W.2d 310.

 Defendant next asserts that the court erred in admitting plaintiff's evidence as to what he paid for his automobile when he bought it, seven months prior to the accident, and what he realized for it when he sold it, about four months after the accident. In the first place, an examination of the transcript shows that no formal objection or motion to strike was made by defendant; and in the second, if error was committed it was not prejudicial, because by its verdict the jury did not award plaintiff any amount for damage to his automobile (see Civil Rule 71.06, V.A.M.R.), and error without prejudice is no ground for reversal. Civil Rule 83.13(b); Neavill v.

Klemp, Mo., 427 S.W.2d 446. Defendant also argues that such evidence was prejudicial because it indicated " * * * a force of impact in excess of that justified by the facts." That argument is obviously an afterthought, inasmuch as it was not alluded to in defendant's post-trial motions. Nor is it persuasive. As a matter of fact, no reference was made to the damage to the automobile in plaintiff's argument to the jury.

▐ Defendant's final point is that in closing argument plaintiff on three occasions was permitted to argue outside the record. The first instance concerns plaintiff's comment that *if* a record of the days in which plaintiff had worked between October and April existed defendant undoubtedly would have brought them in. The second instance concerned plaintiff's recollection of what one of defendant's witnesses had stated regarding the passing of automobiles while defendant's motor bus was pulling out from the curb. The third instance concerned plaintiff's comment that although he had tried to find him, plaintiff did not know who the police officer was who had appeared on the scene. As to the first, contrary to defendant's argument plaintiff did not assume as a fact that such records existed, nor did he place the duty upon defendant to produce such records. As to the second, the court did not expressly sustain or overrule defendant's objection, nor did defendant insist upon such a ruling, but the court did admonish the jury that it had heard the evidence and that statements of counsel were not to be considered as evidence. As to the third instance, in defendant's argument its counsel had commented on plaintiff's failure to bring in the police officer, and *plaintiff's remarks were* clearly in retaliation to the comment made by defendant's counsel. In support of its argument that prejudicial error was committed during plaintiff's closing argument defendant cites Hancock v. Crouch, Mo. App., 267 S.W.2d 36, in which the argument under consideration was not only improper, but inflammatory and an obvious appeal to bias and prejudice, as the court determined. Nevertheless, as the court held, it did not follow as a matter of course that the judgment should be reversed, absent a finding that the error committed materially affected the merits of the action. What was there said (267 S.W.2d 46) regarding the court's discretion regarding improprieties during closing argument is equally applicable here:

"We also are mindful of the fact that, in the heat of trial, zealous counsel may overstep the bounds of propriety inadvertently; that the trial court has considerable discretion as to what action should be taken with respect to matters of this character [McGinley v. St. Louis Public Service Co., Mo.Sup., 239 S.W.2d 321, 324(6); Beeler v. Miller, Mo.App., 254 S.W.2d 986; 991(8); Plannett v. Mc-Fall, Mo.App., 284 S.W. 850, 854(11); Allen v. Autenrieth, Mo.App., 280 S.W. 79, 81(4)]; that defendants' complaints about the argument of plaintiff's counsel were presented to the trial court in the motion for new trial; and, that where, as here, an able trial judge does not consider the transgression of counsel as of sufficient importance to require a new trial, the appellate court is inclined to defer to the opinion of the trial judge [Schwinegruber v. St. Louis Public Service Co., Mo.App., 241 S.W.2d 782, 786–787; Aly v. Terminal Ry. Ass'n of St. Louis, 342 Mo. 1116, 119 S.W.2d 363, 368(10); Hancock v. Kansas City Terminal Ry. Co., 339 Mo. 1237, 100 S.W.2d 570, 582]."

And see Helfrick v. Taylor, Mo., 440 S.W.2d 940.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly judgment affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.