Thomas HAWK and Joan Hawk,
Plaintiffs–Appellants,

v.

UNION ELECTRIC COMPANY,
Defendant–Respondent.

No. 56701.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 25, 1990.

Rehearing Denied Oct. 24, 1990.

Robert J. Albair, Clayton, for plaintiffs-appellants.

Martin J. Toft, III, Ann Elizabeth Buckley, Armstrong, Teasdale, Schlafly, Davis & Dicus, St. Louis, for defendant-respondent.

SMITH, Judge.

Plaintiffs appeal from a judgment based upon a jury verdict in favor of Union Electric in a personal injury case. We affirm.

Thomas Hawk, hereinafter designated as plaintiff, received severe back and wrist injuries when he fell off a ladder as he was descending from his roof after effectuating some repairs. He testified that the fall occurred because he sustained a shock when he inadvertently touched an uninsulated electric wire belonging to Union Electric. The wire was connected to plaintiff's house electrical input wiring and served to bring electrical service to plaintiff's home. Union Electric did not dispute that it owned the wire involved, that it was responsible for its maintenance, that the wire was not insulated and that the wire was not isolated. Its defense was twofold. First, that the touching of the wire as described by plaintiff was impossible and that plaintiff's fall was unrelated to the wire. There was evidence to support that theory. Further Union Electric posited to the jury that the plaintiff contributed to his injury if he touched the wire because of the open and obvious nature of the defect and plaintiff's actions in placing himself in close proximity to the wiring. There was evidence to support that contention. Joan Hawk, plaintiff's wife, sued in a second count for loss of consortium. The jury found plaintiff 100% responsible for the accident and defendant 0% responsible. This appeal followed.

Plaintiffs first contend that the trial court erred in failing to declare a mistrial on the basis of a question directed to plaintiff on cross-examination about a prior history of painful toe gout which plaintiff had allegedly indicated to his doctor might be caused by drinking too much beer. The trial court sustained an objection to the question, directed the jury to disregard but refused a mistrial. This episode had been preceded during defendant's opening statement by a reference to an alleged proclivity of plaintiff to spend Saturday nights late at the Edge Restaurant where Joan Hawk worked coupled with a reference to the beer induced gout problem. The accident occurred in late morning on a Sunday. Objection to the statement during opening statement was sustained and the jury instructed to disregard. No other relief was sought.

No evidence was adduced during trial that alcohol played any part in plaintiff's accident. The references to alcohol were improper. That plaintiff had gout resulting in a painful toe might be relevant to the causes of plaintiff's fall but the reason for the gout condition was not. Granting of a mistrial is a drastic remedy which should be granted only if the prejudicial effect can be removed in no other way. *Wild v. Consolidated Aluminum Corp.*, 752 S.W.2d 335 (Mo.App.1988) [3]. That determination is one for the sound discretion of the trial court and we will interfere only when we must conclude that that discretion was abused. *Id.* We are unable to find such an abuse.

The cases relied upon by plaintiff involve circumstances where evidence of drinking was properly excluded or erroneously admitted. *Doisy v. Edwards*, 398 S.W.2d 846 (Mo.1966) [3]; *Daniels v. Dillinger*, 445 S.W.2d 410 (Mo.App.1969); *Broderson v. Farthing*, 762 S.W.2d 548 (Mo.App.1989). They do not establish a per se requirement of a mistrial upon improper reference to drinking. As stated in *Daniels, supra* [5–8] "It should follow, therefore, that if a trial court can properly exclude such testimony, the same tribunal, in the exercise of its sound discretion, *may* determine its admittance into evidence was so prejudicial as to justify the granting of a new trial, and that a withdrawal instruction as given here was an 'attempt to unring the bell [which] came far too late' to remove the

prejudice." (Emphasis supplied). Here there was no evidence of drinking introduced and the court moved immediately to correct any prejudice from defendant's improper question. The trial court was in the best position to assess the prejudicial impact of the cross-examination question. We find no abuse of discretion.

■ Plaintiffs next complain about a portion of defendant's argument in which counsel purported to describe the path electricity would take in traversing plaintiff's body, a path different than that described by plaintiff. Objection to this argument was overruled. We will assume this argument went beyond the evidence and was therefore improper. Reference to evidence outside the record in argument is not automatically grounds for reversal. *Thompson v. Bi–State Transit System, Inc.*, 458 S.W.2d 903 (Mo.App.1970) [8–12]. The trial court has considerable discretion in permitting or restraining argument and in the absence of a clear abuse of such discretion reversal is not required. *Hoover's Dairy, Inc. v. Mid America Dairymen*, 700 S.W.2d 426 (Mo. banc 1985) [15]. The issue was raised in plaintiffs' motion for new trial and rejected by the trial court. Where an able trial judge does not consider the argument of sufficient importance to require a new trial we normally defer to that judgment. *Thompson, supra.* We do so here.

■ Plaintiffs posit error in the defendant's comparative fault instructions. In view of the jury verdict finding no fault by Union Electric for plaintiff's injuries, errors in those instructions cannot be prejudicial nor the basis for reversal. *Barnes v. Tools & Machinery Builders, Inc.*, 715 S.W.2d 518 (Mo. banc 1986) [2, 3].

■ Plaintiffs also complain that defendant's converses did not track plaintiffs' verdict-directors in that they hypothesized non-liability of defendant if the jury found plaintiff did not touch "defendant's electric wire". Plaintiffs had described the apparatus involved in their verdict-directors as a "partially taped parallel groove clamp joined to the end of its energized electric wire above and near the edge of the roof of plaintiffs' house which represented an un-reasonable risk to persons who might be near that partially taped parallel groove clamp joined to the end of the energized electric wire." This is precisely the type of evidentiary detail proscribed by MAI. Everything in the trial was directed to the electrical connection and whether plaintiff made contact with it. Plaintiffs' expert testified that the wire was exposed and that is what plaintiff touched to get the alleged shock. Further, the converse was an affirmative converse which is not required to track the language of the verdict-director. MAI 3d 33.01. An affirmative converse was appropriate here because plaintiffs' verdict-directors did not hypothesize that plaintiff touched the connection. We are unable to perceive any error or prejudice to plaintiffs from defendant's use of the short-hand term "electric wire" to refer to the connection involved.

■ Plaintiffs assert that defendant made derogatory references to plaintiffs having hired counsel before they notified defendant of the accident. The first record of any electrical shock in the voluminous medical records came after counsel was hired and the lawsuit filed, some six months after the accident. The court sustained objections to the allegedly derogatory remarks but plaintiffs contend they were nonetheless cast in an unfavorable light and a new trial should have been granted. The defendant contended that the electrical shock was an afterthought to justify a lawsuit. That is a legitimate defense tactic. We find no error.

Plaintiffs contend all of the foregoing matters cumulated to require a new trial. Since we have found no individual error there is no cumulative error.

■ Defendant contends that plaintiffs failed to make a submissible case on the theory submitted to the jury—failure to warn. We need not reach that issue. We will comment, however, that we are perplexed as to why a plaintiff would try a case of this kind on that theory. The duty of a transmitter of electricity is to either isolate or insulate the transmission. *Glastris v. Union Electric Company*, 542 S.W.2d 65 (Mo.App.1976) [6]. While *Mrad v. Missouri Edison Co.*, 649 S.W.2d 936 (Mo.App.1983) appears to indicate that a

warning submission is permissible, we are unable to perceive its purpose. If the defendant has either insulated or isolated it has no liability and no duty to warn because there is nothing to warn of. If it has failed to do either it is liable whether it warns or not. A plaintiff can submit on failure to warn only if he has already established the requisite fact upon which liability is premised, that defendant has failed either to isolate or insulate. The plaintiff therefore takes on an additional and confusing burden if he chooses the failure to warn theory. Warning is relevant in such a case only on the issue of comparative fault, it has no relevancy to establishing plaintiffs' cause of action. Here there was no issue as to whether defendant had performed its duty. It had not as it had neither insulated nor isolated. The issue tried was whether plaintiff touched the uninsulated wire involved resulting in a shock which caused his fall. Warning, as a part of plaintiffs' cause of action, was an irrelevancy.

Judgment affirmed.

SATZ, P.J., and GRIMM, J., concur.